# EDWIN EDWARDS *et al.*

## *v.*

## HONORAH McKAY, Admx. etc.

1. OATHS—*notary public has power to administer generally.* It was objected to an affidavit of the service of a summons by a special deputy sheriff, that a notary public was not authorized to administer the oath in such a case, but it was *held,* that under the statute relating to oaths and affirmations, such officer was empowered to administer oaths generally, and therefore he had power to administer the oath in this case.

2. SERVICE—*by special deputy—return may be verified by affidavit.* The statute requiring the return of service of a summons, when made by a special deputy, to be verified by oath, is complied with, if the return is verified by the affidavit of the person making the service.

3. Where the statute requires an oath, it will not be vitiated if the matter be reduced to the form of an affidavit, signed and sworn to by the person or officer making it.

4. DEFAULT—*not set aside when no diligence is shown.* Where a party is served with summons by a special deputy, who informs him that he is an officer in that case, and is given a copy of the summons, showing the appointment of such deputy to serve the same, and he takes no steps to defend until after judgment is rendered against him by default, a motion by him to set aside the default will be properly overruled for want of diligence.

5. SAME—*excuse for want of diligence.* On an application to set aside a judgment by default, the party applying showed in his affidavit that he was sick and confined to his house from the day of service for about two weeks, when he came out and was compelled to go in again until the day after the default, but failed to state the nature of his sickness, or show that he could not have communicated with his attorney, and prepared for his defense: *Held,* that the showing was not sufficient to require the setting aside of the default.

6. OFFICER—*when disqualified from serving summons.* The mere fact that a person once presented the note sued on for payment, or had been employed

at one time in some unknown character by the plaintiff, affords no ground for holding that he is disqualified from acting as a deputy to serve the summons in the suit.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action brought by Honorah McKay, administratrix of the estate of Samuel McKay, deceased, against Edwin Edwards and Harry C. Edwards.

Messrs. MAGRUDER & KERR, for the appellants.

Mr. F. W. FORCH, Jr., for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

In this case the sheriff appointed Frank Farrell a special deputy to serve the summons. The appointment was indorsed on the writ, and duly signed. The deputy returned that he served it on the defendants by reading the writ and delivering a true copy of the same to each of them, more than ten days before the return term. The special deputy filed a verification of his return, sworn to before a notary public, and the declaration being accompanied with an affidavit of merits, and no appearance entered at the return term, a default was entered, and a judgment rendered for the amount of the note sued on, and interest. Subsequently, some fourteen days after the judgment was rendered, defendants appeared and moved the court to set aside the default and permit them to plead. The motion was overruled, and they prosecute this appeal.

It is first urged that the return of service by the special deputy is insufficient, because a notary public has no power to administer an oath. When we refer to the third section of the chapter entitled "Oaths," R. S. 1845, p. 393, we find that courts, and each judge, justice and clerk thereof, all justices of the peace and notaries public, are authorized to administer oaths and affirmations to witnesses and others, concerning any thing depending, or proceeding commenced, or to be com

menced, before them respectively; and such courts, judges, justices, notaries public and clerks, within their respective districts, circuits or counties, and the justices of the peace in their counties, shall respectively have power to administer all oaths of office and other oaths required to be taken by any person before entering upon the discharge of any office business, etc., or any other lawful occasion, and to take affidavits and depositions. This provision has been in force, unchanged, to the present time.

It is said, the phrase, "or any other lawful occasion," is awkward, and has no connection with the preceding portion of the provision. We fail to see the force of the objection. The language manifestly means, and can only mean, that the courts and officers previously authorized to administer oaths on specified occasions, were intended to be empowered to administer oaths, also, on any other lawful occasion. This seems to be the obvious meaning, and so obvious that, in our experience in the practice, we have never heard it doubted. This is the uniform construction put upon the act ever since its adoption, by all officers, as well as by the entire profession, so far as our experience has extended. If the construction contended for were given, then all oaths administered by any of these officers, unless in cases pending, or to be commenced before them, or to official oaths to officers, have been void, and a usurpation of authority by those administering them. It would truly be a startling announcement to so hold.

The sworn statement would be good as an affidavit, hence the return is properly verified by oath, whether it be considered an oath or an affidavit. Where the statute requires an oath, we presume it would not be vitiated, because the matter should be reduced to the form of an affidavit, signed and sworn to by the officer. We presume none would be so technical as to question its validity. We see no force in the other objections to the return; we regard them so extremely technical as not to require discussion.

As to the motion to set aside the default, we think appellants have shown no diligence. It is true, one defendant be-

low swears that he did not know, and that he did not suppose he was bound to take notice of the leaving of the copy of the summons with him. He swears that Farrell, when asked if he was an officer, said no, except in that particular case. He was thus informed by the officer that he was authorized to serve the summons. Again, he had only to look to the copy of the summons left with him to see that the sheriff had appointed Farrell to serve it on the defendants. In the light of these facts, it appears almost incredible that with such a paper, such an indorsement, accompanied with the information given him by the deputy, he should entertain such a belief, or did not make inquiry. From the body of the summons he must have learned who was suing him, and on what the claim was founded. He should at least have made inquiry.

He states that he was sick and confined to his house from the day of the service for about two weeks, when he came out, and was compelled to go in again until the day after the default. He does not state the nature of his sickness, or that he could not have readily communicated with his legal adviser and have fully prepared for his defense, so as to have avoided the judgment. He fails to state that his sickness disqualified him from attending to his business, as well in all respects as though in his usual health, except he was unable to leave his house. The affidavit fails to disclose grounds for setting aside the default, and there was no abuse of discretion in overruling the motion.

There does not seem to be the slightest ground for holding that Farrell was disqualified from acting as a deputy; surely not so because he had once presented the note for collection, or because he was or had been employed in some supposed or unknown character or employment by appellee. This is indefinite and intangible.

The judgment of the court below must be affirmed.

*Judgment affirmed.*