| 85 | 155 |
|----|-----|
| 151 | 499 |
| 85 | 155 |
| 160 | 250 |
| 85 | 155 |
| 158 | 14 |
| 85 | 155 |
| 113a | 1477 |

## JEFFERSON KOON

### *v.*

## JUDSON D. NICHOLS.

1. REVERSAL—*abandonment of suit—neglect to file remanding order in court below.* The statute providing that if neither party shall file, in the circuit court, the transcript of the order of this court reversing the judgment below, within two years, the cause shall be considered as abandoned, and no further action shall be had therein, means the particular suit in which the order of reversal is made shall be considered as abandoned, and not the cause of action. A new suit may, after such period, be brought upon the original cause of action.

2. NEW TRIAL—*trial in absence of party and his counsel.* A new trial will not be granted because the trial was had in the absence of the defendant and his counsel, when such absence is attributable to his own negligence.

APPEAL from the Circuit Court of Ford county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. C. R. STARR, for the appellant.

Mr. THOMAS P. BONFIELD, for the appellee.

Mr. Chief Justice Sheldon delivered the opinion of the Court:

This was a suit in ejectment, where there was judgment for the plaintiff.

The first of the two errors assigned is, in sustaining a demurrer to the defendant's second plea. The plea was, that in a former action of ejectment, brought by plaintiff against defendant, for the same premises, a judgment was rendered against the defendant, which, on appeal to the Supreme Court, was reversed, and the cause remanded for a new trial; that no transcript of the order of the Supreme Court remanding the cause had been filed in the court below, and that more than two years had elapsed from the time of making the order, before the commencement of this suit.

The cause of action is supposed to be abandoned and barred, under this provision of the statute: "If neither party shall file such transcript within two years from the time of the making of the final order of the Supreme Court reversing any judgment or proceeding, the cause shall be considered as abandoned, and no further action shall be had therein." Rev. Stat. 1874, p. 785, § 85.

The word "cause" here means the particular suit in which the order is made; not that the cause of action shall be considered as abandoned, but only that such particular suit shall be considered as abandoned, and no further action shall be had therein. The demurrer was properly sustained to the plea.

The other assignment of error is, the denial of defendant's motion to set aside the verdict and judgment, because of the trial having been had in the absence of defendant or counsel. The motion was based upon the affidavit of the defendant, stating the cause of such absence. No sufficient ground was shown for the granting of the motion. The absence of defendant at the trial, or not having any counsel to appear for him, must be regarded as owing solely to the defendant's own negligence and inattention.

The judgment is affirmed.　　　　　*Judgment affirmed.*