# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FIRST DISTRICT—OCTOBER TERM, 1886.

## GEORGE W. MILLER
### v.
## JAMES McGRAW ET AL.

1. PRACTICE—NEW TRIAL.—A new trial will not be granted because the trial was had in the absence of the defendant or his counsel when such absence is attributable to his own negligence. The court is of opinion that the affidavits in this case fail to show such diligence as the law requires.

ERROR to the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding. Opinion filed October 27, 1886.

This was an action of assumpsit, the declaration consisting of one special count and the common counts. The special count alleges that, on the 29th day of May, 1877, McGraw and Downey, the plaintiffs, were the owners of certain lots of land in Cook county, which, together with certain other lands, were then incumbered by a trust deed for $7,000, executed March 15, 1872, by Miller, the defendant, while he was the owner of the premises thus incumbered, said trust deed being given to secure the payment of an indebtedness of the defendant for that amount, due five years thereafter, with interest at the rate of ten per cent. per annum; that on said 29th day of May, 1877, said indebtedness being past due, and the plaint-

(203)

iffs being desirous of freeing their lots from said incumbrance, and the defendant being also desirous of paying said indebtedness, and relieving himself from liability thereon, the plaintiffs, at the special instance and request of the defendant, paid to him the sum of $313.50, in consideration whereof the defendant executed and delivered to the plaintiffs the following instrument, to wit:

"$313.50                          CHICAGO, May 29, 1877.

Received of James McGraw and Joseph Downey the sum of three hundred thirteen dollars and fifty cents in full payment of said McGraw and Downey's share of a certain incumbrance (describing said trust deed and McGraw and Downey's subsequent title to a portion of the incumbered property), in consideration of which payment I hereby agree to have said $7,000 note and all accrued interest thereon paid and said lots properly relieved of all lien or charge on account of said incumbrance.

GEORGE W. MILLER."

That the defendant wholly neglected and refused to pay said indebtedness after receiving said money from the plaintiffs, by reason whereof said deed of trust was afterward foreclosed and said lots sold and thereby wholly lost to the plaintiffs.

The defendant pleaded *non assumpsit*, and upon the issue thus joined, a trial was had before the court and a jury, in the absence of the defendant, resulting in a verdict and judgment in favor of the plaintiffs for $900 damages.

Afterward and at the same term of court, being the June term, 1886, the defendant moved for a new trial, and in support of his motion filed his own affidavit stating, in substance, that he relied on and daily scrutinized the court record published in the Daily Tribune, but observed no mention of a new calendar for Judge Williamson who tried the case below, and concluded that said judge was still engaged on his old calendar of some 3,000 cases, and would be so engaged until the then approaching summer vacation; that he procured and searched the new calendar for Judges Anthony and Gary, and not finding this case therein, was confirmed in said conclusion;

that he was greatly surprised and chagrined when informed by the plaintiffs' counsel that he had taken an *ex parte* judgment for $900 against him, and that the cause was upon a new calendar for Judge Williamson for the June term; that the plaintiffs materially contributed to defeat the release of their lots from the trust deed by their tardiness in furnishing money therefor, and by their frequent procrastinations in the meantime, wearing out the patience and incurring the disgust of other lot owners interested; that the holder of the incumbrance refused to release the plaintiffs' lots therefrom unless certain eighteen other lots were included; that said judgment is unjust and oppressive, being about four times the market value of said lots of the plaintiffs, May 29, 1877, the date of the receipt of said money from the plaintiffs; that the defendant's meritorious defense mentioned in the pleadings would be additionally and more fully presented were an opportunity afforded, on a new trial. The defendant also filed the affidavits of two other persons, to the effect that on the 29th day of May, 1877, the plaintiffs' lots were worth not to exceed $240 to $250. The foregoing being all the evidence adduced in support of the motion for a new trial, said motion was denied by the court, and the defendant brings the record to this court by writ of error.

Mr. George W. Miller, for plaintiff in error.

Bailey, J.   There was no error in refusing the defendant a new trial.   The grounds urged in support of the motion were, 1, that the defendant was taken by surprise; 2, that the judgment is unjust and oppressive, and 3, that the defendant has a meritorious defense.   As no portion of the evidence adduced at the trial is preserved in the record, none of the foregoing grounds appear except so far as they are shown by the affidavits filed in support of the motion.

A new trial will not be granted, because the trial was had in the absence of the defendant or his counsel, when such absence is attributable to his own negligence.   Koon v. Nichols, 85 Ill. 155; Edwards v. McKay, 73 Ill. 570.   The affida-

vits in this case, fail to show such diligence as the law requires. All the defendant claims to have done was to examine the court proceedings as published in one of the daily newspapers, and to procure and examine the new calendars prepared for the use of two other judges of the superior court. He made no inquiries whatever as to whether a similar calendar had not been prepared for Judge Williamson before whom this suit was pending, nor does he seem to have paid the slightest attention to the call of the calendar in Judge Williamson's branch of the superior court, beyond reading the court proceedings in a newspaper, which, so far as this record shows, may not have been or purported to be an accurate or complete statement of the proceedings of the superior court. In any view we can take of the case his absence from the trial was attributable to his own negligence, and he must, therefore, suffer the consequences.

In addition to this the affidavits fail to show a meritorious defense. We are unable to say from anything appearing in the record, what the cause of action may have been for which the judgment was recovered. There is no attempt in the affidavits to enlighten us on that subject, and as the evidence heard at the trial is not preserved, our only information as to the ground of the recovery must be derived from the pleadings. But the declaration consists not only of a special count on the defendant's contract to satisfy the deed of trust and discharge the plaintiffs' lots therefrom, but also the common counts; and so far as we can judicially know, the recovery may have been had under the latter counts for some cause of action not specifically stated. It can not be seen then that the defense attempted to be stated in the affidavits has any application to the cause of action for which the judgment was rendered.

But we are inclined to the opinion that the affidavits fail to show any defense to the cause of action stated in the special count. It is not claimed that the plaintiffs are not entitled to recover the value of the lots of land which they have lost by the defendant's default in the performance of his contract to release them from the deed of trust. The only contest is as

to their value. The affidavits show that at the date of the contract they were worth much less than the damages recovered, but there is no attempt to show their value at the time the plaintiffs lost their title by the foreclosure of the deed of trust. It was their value at the latter date, rather than the former, which would constitute the plaintiffs' measure of damages, and so far as appears, the lots may have been worth the amount of the judgment at the date of the foreclosure.

There being no error in the record the judgment will be affirmed.

Judgment affirmed.