# WILLARD C. BRUSON

v.

# MARY J. CLARK.

*Filed at Ottawa, May 8, 1894.—Rehearing denied, October Term, 1894.*

1. NEW TRIAL—*discretion of the court.* Where the court is asked to set aside a default or grant a new trial, because the defendant has a cross-action against the plaintiff, such court is simply appealed to for the exercise of a discretion; and as the defendant may still sue and recover judgment on his demand against the plaintiff, the refusal to let in such defense can work no injustice, and is not error.

2. SAME—*failure of defendant to make defense—plea of set-off withdrawn.* Where the only defense to a note sued on is a set-off, which the defendant voluntarily withdraws before trial, he will not be entitled to a new trial on the ground of the inability of the defendant to attend the trial. By withdrawing his plea the defendant will stand in the position of a party who has taken a voluntary non-suit, and he will be precluded from objecting that his counter-claim was not adjudicated.

3. SAME—*inability of defendant to attend court—want of diligence.* An affidavit of a defendant in support of a motion for a new trial, showed that he was sick on the third, fourth, fifth, sixth and seventh days of October, the trial being on the latter day; that on the sixth, he walked out for a few minutes; that he did not send for a doctor until the morning of the seventh; that on the evening of the sixth he became worse, and was obliged to go to bed, but it failed to state that on either of those days he was so sick as to prevent his sending notice to the court or his attorney, of his inability to attend at the trial. It also appeared that he lived about two miles from the court-house, and that on the morning of the seventh, his wife engaged a person to carry a letter to the train, for the place of holding court, who failed to reach the train in time. There was nothing to show that he could not have sent word to his attorney before the trial. *Held,* that the showing for a new trial was insufficient, and that the negligence of the party engaged to carry the letter was his negligence.

4. SAME—*negligence of party or his attorney.* A new trial will not be granted, where the cause for which the new trial is claimed, is attributable to the negligence and inattention of the party claiming such new trial or his attorney.

5. JUDICIAL NOTICE—*residence of litigants—geography of the country.* The court will take judicial notice of the geography of the country, and of the distance of the residence of a party to the place of holding court.

APPEAL from the Appellate Court for the First District; —heard in that court on appeal from the Circuit Court of Kane County; the Hon. ISAAC G. WILSON, Judge presiding.

Messrs. BOOTH & BOOTH, for the appellant.

Mr. B. C. COOK, for the appellee.

Mr. CHIEF JUSTICE BAKER, delivered the opinion of the Court:

This was assumpsit by appellee as assignee, upon a promissory note for $1,000.00 executed by appellant to the Chicago National Bank. The pleas filed were non-assumpsit and set-off. The case was at one term continued on motion of appellant, in order to enable him to procure the testimony of absent witnesses. No diligence was used to procure their attendance or take their depositions. The case was called for trial, in regular order, on October 6th, 1890; appellant was not in attendance, and at the request of his attorney the trial was postponed until the next day. On October 7th the case was again called for trial, but appellant was still absent from the court, and his attorney thereupon withdrew the plea of set-off, and the case was tried before a jury upon the plea of non-assumpsit. The verdict of the jury was for $1,120.00, the amount of the principal and interest of the note.

A motion for a new trial was made by appellant; and in support of said motion an affidavit of his, sworn to on October 20th, 1890, was presented, which stated that on the evening of October 3d, 1890, he was taken sick and remained in his house at Batavia during all day of the 4th, 5th and 6th of October, except that on the 6th he walked out for a few minutes. That on that afternoon he became worse, was obliged to go to bed, and has been there ever since; that he sent for Dr. J. C. Augustine on the morning of the 7th, and said doctor had been attending him ever

since. On the morning of the 7th, deponent's wife engaged one Frank Benson to carry a letter to the 9 o'clock train for Geneva and deliver it to Hopkins, Aldrich & Thatcher, telling them of deponent's illness and his inability to be present at the trial, but that said Benson did not get to the train in time, though he had ample time to do so, and did not inform deponent's wife of his failure to deliver said letter until about 10 o'clock a. m. of said day; that deponent's wife caused a telegram to be sent at once, which reached his attorneys during the trial; that deponent has a good defense upon the merits; that he had filed a plea of set off with bill of particulars, setting out his defense and a counter-claim for a large amount against the said plaintiff; that he expected to be able to prove the facts set forth in said bill of particulars, and can do so if a new trial is granted.

On the hearing of the motion for a new trial, certain other affidavits were presented by appellant, and a number of counter-affidavits read by appellee. In the view we take of the case, it is unnecessary to state the contents of any of the affidavits, other than of that made by the appellant himself.

The court overruled the motion for a new trial, and rendered final judgment on the verdict of the jury. The overruling of such motion and the rendition of said judgment are relied upon for a reversal.

It does not appear from the affidavit of Bruson, or otherwise in the record that he was in attendance on the court at any time during the term at which the case was tried; it does, however, appear from his affidavit that he was at his home in Batavia, and the court will take judicial notice of the geography of the country, and that Batavia was only some two miles distant from the court-house at Geneva, where the court was held. He was bound to know that the case was liable to be called for trial in its regular order.

While it does appear that he was sick on the 3d, 4th, 5th, 6th and 7th days of October, 1890, yet it also appears from his own sworn statements that on the 6th he walked out for a few minutes, and that he did not send for a doctor until the morning of the 7th. He states in his affidavit that on the afternoon of the 6th he became worse and was obliged to go to bed. The presumption must be that he has stated his case as strongly as the facts would justify. From his statement, that he remained in his house on the 4th, 5th and 6th days of October, and on the afternoon of the 6th became worse and was obliged to go to bed, it must be concluded that he was not so sick as to be confined to his bed until the afternoon of the 6th. It is not stated in the affidavit that either on the 3d, 4th, 5th, 6th or 7th he was so sick as to prevent or interfere with his sending notice to the court or his attorney of his sickness and inability to attend at the trial. In fact, from the statements of his affidavit, the conclusion must be that he might easily have given such notice.

It is stated in the affidavit, that on the morning of the 7th appellant's wife engaged one Frank Benson to carry a letter to the 9 o'clock train for Geneva, and deliver it to the attorneys of appellant, telling them of his illness and inability to be present at the trial, but that said Benson did not get to the train in time, though he had ample time to do so. No reason is shown why a letter or messenger was not sent before the day the case was called for trial in its regular order, and besides this, Benson was the agent of appellant, and his negligence and carelessness must be regarded as the negligence and carelessness of appellant himself. If there was any negligence in the fact that the attorneys for appellant did not notify him that the case would stand for trial on the 7th, and in not procuring and presenting to the court an affidavit for a continuance, then, as has been frequently decided, such negligence is chargeable to appellant himself. The negligence of the attorney is the negligence of the

client. A new trial will not be granted when the cause for which the new trial is claimed is attributable to the negligence and inattention of the party claiming such new trial. *Koon* v. *Nichols*, 85 Ill. 155.

There is another reason why the motion for a new trial should not prevail. There is no claim that the note for $1,000.00 was not a valid demand against appellant. The claim simply is, that appellant had a set-off or counter-claim against appellee, as already stated, and as appears from the record, appellant withdrew his plea of set-off prior to the time the jury was impaneled and sworn; and so, at the time of the trial and at the time the motion for a new trial was made and passed upon, appellant had no set-off or counter-claim involved in the suit. Appellant, in respect to his set-off, stood in the position of a party who has taken a voluntary non-suit, and he could not object that his counter-claim was not adjudicated at the trial; appellant cannot assign for error the action of the court in permitting him to withdraw his plea of set-off. And having no plea of set-off on file at the time of the trial, and having, as appears from the record, offered no evidence, he cannot claim that the court made any ruling that was erroneous or detrimental to his interests. Besides this, having withdrawn his plea of set-off, he has not, in legal contemplation, been either injured or damnified. If the claim set up by him in his plea of set-off and stated in his bill of particulars, is a valid claim against appellee, then he may at any time bring suit upon it and recover judgment. *Holmes* v. *C. & A. R. R. Co.*, 94 Ill. 439. The case at bar is in principle like those of *Bowman* v. *Wood*, 41 Ill. 203, and *Palmer* v. *Harris*, 98 id. 507. It was held in those cases, that where the court is asked to set aside a default because the defendant has a cross-action against the plaintiff, such court is simply appealed to to exercise a discretion, and as the defendant may still sue and recover judgment on his demand

against the plaintiff, the refusal to let in such a defense can not work injustice, and is not error.

It follows from what we have said, that it was not error in the trial court to overrule the motion for a new trial and render judgment on the verdict of the jury.

The judgment of affirmance in the Appellate Court is affirmed.

*Judgment affirmed.*