## GILMORE et al. v. LADELL et al.
### (No. 7906.)

(Court of Civil Appeals of Texas. Dallas. May 26, 1917. Rehearing Denied June 23, 1917.)

1. APPEAL AND ERROR ☞1188 — RIGHT TO MANDATE.

Either party, after decision of an appeal by the Court of Civil Appeals, had a right to procure the issuance of a mandate.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4643.]

2. APPEAL AND ERROR ☞1188—FAILURE TO PROCURE MANDATE—STATUTE.

Where judgment against defendant was reversed, if he desired to have the matter retried in the same action, he should have procured issuance of mandate within 12 months of the decision of the Court of Civil Appeals, as required by Rev. St. 1911, art. 1559, and, having neglected to do so, as did plaintiffs, defendant cannot, in action by him, take advantage of dismissal of the former case from the docket for the then plaintiffs' failure to secure issuance of mandate; the parties stand as though no suit was ever brought, and former plaintiffs' cause of action is not barred by reason of not procuring issuance of mandate within 12 months.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4643.]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Suit by J. G. Gilmore and others against J. L. Ladell and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

E. G. Senter, of Waco, for appellants. Murphy W. Townsend, of Dallas, for appellees.

RAINEY, C. J. This is an appeal from a judgment denying appellants a mandatory injunction to deliver over to appellants the possession of certain real estate situated in the city of Dallas.

The material facts are that the title of the lot or parcel of land is in the name of appellant Gilmore. There is standing on it a church house which is possessed, occupied, and used by appellees, the congregation of the Mt. Rose Baptist Church, which is an unincorporated religious body of negroes. In the year 1907 the congregation of the Mt. Rose Baptist Church brought a suit in the district court of Dallas county against J. G. Gilmore, one of the appellants, asking for a decree adjudging that said congregation was the beneficial and equitable owner of said property, and removing cloud on title claimed to exist on account of the record title being in Gilmore's name. Said cause was styled "L. L. Brown et al. v. J. G. Gilmore," No. 2781c, was tried in the Sixty-Eighth district court of Texas, Dallas county, and resulted in a verdict and judgment in favor of the congregation and against Gilmore. From this judgment Gilmore appealed; the case was transferred from the Court of Civil Appeals for the Fifth Supreme Judicial District to the Court of Civil Appeals at San Antonio, which on October 23, 1912, rendered judgment reversing the judgment of the trial court and remanding the cause for a new trial. Said case is reported in Gilmore v. Brown, 150 S. W. 964. On November 20, 1912, said Court of Civil Appeals overruled the motion for rehearing presented on behalf of the congregation, and plaintiffs in said suit failed to take out a mandate from said Court of Civil Appeals. After more than a year had elapsed from the date said motion for rehearing was overruled, J. G. Gilmore, the appellant in that cause, obtained a certificate from the clerk of said Court of Civil Appeals showing that no mandate had been taken out within 12 months after said motion for rehearing was overruled, which certificate was filed by Gilmore in said Sixty-Eighth judicial district court, and thereupon said court dismissed said cause from the docket thereof. The defendants in this cause, acting in the capacity of a church organization, are now in possession of the property in controversy.

A decision of the question involved requires a construction of article 1559, R. S. 1911, and the legal effect to be given the same. Said article is as follows:

"In cases which are, by the Supreme Court, or Courts of Civil Appeals, reversed and remanded, no mandate shall be taken out of either of said courts and filed in the court wherein said cause originated, unless such mandate shall be so taken out within the period of twelve months after the rendition of final judgment of the Supreme Court, or Court of Civil Appeals, or the overruling of a motion for rehearing. And if any cause is reversed and remanded by the Supreme Court, or Court of Civil Appeals, and if the mandate is not taken out within twelve months as hereinbefore provided, then, upon the filing in the court below of a certificate of the clerk of the Supreme Court, or Court of Civil Appeals, that no mandate has been taken out, the case shall be dismissed from the docket of said lower court."

The proposition submitted by appellants is:

"The statute cited is one of limitation, and when the time for the issuance of a mandate in any cause shall expire, under its operation limitation is complete against said cause of action."

In support of this proposition the case of Scales v. Marshall, 96 Tex. 140, 70 S. W. 945, is cited. That case merely holds that the statute of limitation of 12 months applies to the issuance of a mandate from an appellate court, and in no wise construes the effect of the statute further than to announce that upon the issuance of a certificate by the appellate court that "cause of action shall be dismissed from the docket of the lower court," which is but following the wording of the statute.

[1] The judgment of the appellate court did not adjudge the rights of either party to the suit, but merely reserved it for a new trial upon errors of proceeding, and the only thing that could be done as far as that particular action was concerned was to dismiss it, which leaves the parties without any right settled, and the effect of such a proceeding is as though no suit had been instituted. Either party to the suit had a right to procure the issuance of a mandate.

[2] The reversal of the case was favorable to appellant, and if he desired to have the matter retried under the former action he should have procured the issuance of a mandate within the 12 months, but, having neglected to do so, he cannot take the advantage here sought of the dismissal from the docket of the case, but the parties stand as though no suit had ever been brought.

No case of our Supreme or appellate courts has been cited placing such a construction upon our statute as here contended for that we know of. The appellee cites two authorities from Illinois, which construe a similar statute of that state, to wit: Bradshaw v. Atkins, 110 Ill. 323, and Koon v. Nichols, 85 Ill. 155. In the Bradshaw Case, 110 Ill. 323, where the court passed upon the Illinois statute, it said:

"As the statute provides that if neither party to a cause which is remanded by the Supreme Court shall file a transcript of the remanding order in the court from which the cause was removed, within two years from the time of the making of the final order of reversal, the cause shall be considered as abandoned, and no further action shall be had therein (Rev. St. c. 110, § 84), it is insisted that the failure to file the remanding order within the time prescribed is a bar to the maintenance of this suit. There is clearly nothing in this point. All the effect of not filing the transcript of the remanding order within the time is, that it is an abandon-

ment of that particular case, and not a bar or abandonment of the rights involved in the case."

In principle this holding is in point, from which we hold that defendants' cause of action was not barred by reason of not procuring the issuance of a mandate within 12 months, and for that reason we conclude that appellants were not entitled to a mandatory injunction; but if they are entitled to redress they must seek some other remedy.

The judgment of the court below is affirmed.