RICHARD W. TYSON and JULIA McH. TYSON, his wife, *vs.* JAMES W. TYSON, Trustee, MARGARET J. TYSON, and others.

*Mistake—Deed of Trust—Construction of Powers— Reinvestment of Proceeds, under a power to sell.*

By deed dated May 6th, 1864, certain leasehold estate was assigned to a married woman, her personal representatives and assigns, for the whole residue of the term, " to her sole and separate use, for and during the term of her natural life, free from the power, disposal, or control of her present, or any future husband," &c.; with power to her, " during the lifetime of her present husband, and, with his assent and concurrence, to sell, mortgage, or otherwise dispose of, and to grant the said property, and the proceeds to reinvest in such other estate and property as she might think proper," and with further power, in case she should survive her then husband, to devise or bequeath the said property to such of her children or descendants by him as she might think proper. And from and after her death, in case no sale or other disposition should be made by her, under the aforesaid powers, or in so far as no such disposition should have been made by her, then to be held by the child or children which her said husband might have by her, and the descendants of deceased children who should be living at the time of her death, &c.; and in case there should be no such children or descendants living, &c., then to be held by her said husband, his personal representatives and assigns. On the 12th of February, 1866, for the purpose of giving the children of her said husband, by a former wife, an equal interest with her own children by him in said property, she and her husband conveyed said property to a trustee by a deed, which neither of them read at the time of its execution, and which was afterwards discovered was so drawn as to deprive her of the full power of disposal over the said property, and the proceeds of its sale, which she had under the previous deed. On a bill filed by the husband and wife to have this mistake corrected, and on full proof of the mistake, HELD:

1st. That the complainants, having proved the mistake, were entitled to have it corrected.

2d. That the power of disposal given to the wife by the deed of the 6th of May, 1864, was full and complete, if exercised during the life of the present husband, and with his assent.

3d. That the language used in reference to reinvesting the proceeds of sale was rather suggestive than imperative, and if she were to sell or otherwise dispose of the property, the legality of the execution of the power would not depend upon the reinvestment of the proceeds.

APPEAL from the Circuit Court of Baltimore City.

C. M. Stewart, by deed dated the 6th of May, 1864, assigned certain leasehold property in Baltimore city to Julia McHenry Tyson, wife of Richard W. Tyson, " her personal representatives and assigns, *as thereinafter set forth, for all the residue of the term,*" *&c.* The deed then provided, that during her natural life the property should be held by the said Julia, to her sole and separate use, and free from the control of her present, or any future husband, " *with power*" to her, " during the lifetime of her present husband, and with his assent and concurrence, to sell, mortgage, or *otherwise dispose of,* and *to grant* the said property, and the proceeds to reinvest in such other estate and property *as she might think proper.*" There was also an express power to her, in case she should survive her husband, to devise the property " to such of *her* children, or descendants by the said Richard, as she might think proper," . . . " and from and after her death, *in case* no sale or other disposition should be made by her, under the aforesaid powers, and *in so far* as no such disposition might have been made by her, *then* to be held by the child or children which the said Richard might have by the said Julia, and the descendants of such deceased children who should be living at the time of her death, to take *per stirpes,* and not *per capita ;*" but in case no such children or descendants be then living, then to be held by the said Richard, &c. Then followed a covenant for possession by the said Julia, " her representatives and assigns," and a covenant for such further assurance as might be required by her, " her representatives or assigns."

Afterwards, James W. Tyson, the brother of Richard, suggested to him, that no mention was made in this deed

of his two children by his former wife, and that they ought to have an equal interest in the property with his children by his present wife. This advice was accepted by Richard, and by his wife, Julia, and a lawyer was employed to execute their intentions. The deed of the 6th of May, 1864, was given him to follow, with no other instructions than that the children of the first wife were to be placed on an equality with those of the second wife. The lawyer selected the form of a deed in trust to James W. Tyson, and employed a scrivener to write the deed, which was executed by Richard and wife, February 12th, 1866, without either of them having read, or heard it read. They afterwards discovered, only a few weeks before the filing of the bill in this cause, that said deed of February 12th, 1866, was so drawn as to deprive Julia of the full power of disposal over the said property, and the proceeds of its sale, which she had under the previous deed.

The bill of complaint was filed by the appellants, for the purpose of correcting this mistake. The proof of the mistake was full; but the Court below (SCOTT, C. J., and PINKNEY, J.,) dismissed the bill upon the ground that the deed of the 12th of February, 1866, was void, because "the power to sell *set forth* in the deed of the 6th of May, 1864, was only for the purpose of changing the *corpus* of the estate by a reinvestment in other property, and did not give a power of disposal to the wife, unless she should survive her husband, and, even then, only to and amongst her children by him, and their descendants."

From this decree the present appeal was taken by the complainants.

The cause was argued before BARTOL, C. J., STEWART, ALVEY and ROBINSON, J.

*John S. Tyson*, for the appellants.

No counsel appeared for the appellees.

ALVEY, J., delivered the opinion of the Court.

The mistake alleged in this case appears with sufficient certainty to entitle the complainants to have it corrected. The proof is full and clear as to the design and purpose of the deed of the 12th of February, 1866, and that it was not intended to divest Mrs. Tyson of her disposing power over the property, conferred by the deed of the 6th of May, 1864.

But the ground upon which relief was denied by the Court below was, that the object to be accomplished by the deed of the 12th of February, 1866, was not within the purview of the disposing power given by the deed of the 6th of May, 1864; and hence the bill was dismissed.

In the opinion of the Court below, however, we do not concur. The power of disposal, given by the deed of the 6th of May, 1864, is full and complete, if exercised during the life of the present husband, and with his assent. The power is, " to sell, mortgage, *or otherwise dispose* of, and to grant the said property and the proceeds to reinvest in such other estate and property *as she may think proper.*" The property is conveyed to Mrs. Tyson, and to *her personal representatives and assigns*, to be held as her separate estate, during the life of her present or future husband, and, if she survive, then with power to devise, and after her death, "*in case no sale or other disposition shall be made by the said Julia McH. Tyson, under the aforesaid powers, and in so far as no such disposition may have been made by her*," then to be held by her children. The deed conveying the estate to Mrs. Tyson makes no provision with reference to any powers or limitations to which the estate acquired by reinvestment shall be subject, and our construction of the language in reference to reinvesting the proceeds of sale is, that it is rather suggestive than imperative; and that if she were to sell or otherwise dispose of the property, the legality of the execution of the power would not depend upon the reinvestment of the proceeds.

The language of the disposing power is exceedingly broad and comprehensive, and the construction which we place upon it is irresistible, when we consider the event upon which the property is limited over to the children of Mrs. Tyson, after her death, namely, "in case no sale or other disposition shall be made by the said Julia McH. Tyson, under the aforesaid powers." If it had been designed that the property, or its proceeds, should have remained in settlement, why such a provision as this? See 1 *Sugd. on Pow.*, 522; 2 *Sugd. on Pow.*, 429.

We shall reverse the decree of the Court below, and remand the cause, that the proper decree may be passed giving the relief prayed by the bill. Under the circumstances of the case, the appellants must pay the costs.

*Decree reversed, and cause remanded, with costs to the appellees.*

(Decided 25th June, 1869.)