No. 10,112.

## SCHAUTZ v. KEENER ET AL.

DEED.—*Reformation of.*—*Mistake.*—*Reservation of Way.*—*Description.*—*Negligence.*—*Vendor and Vendee.*—Complaint to correct a mutual mistake in a deed made by the plaintiffs to the defendant, alleging a failure to reserve a way over the lands granted, etc., as was mutually intended, that, for a long time after the grant they used the way, with the defendant's knowledge and consent, and that, upon being forbidden to do so, they discovered the mistake and immediately offered a correct conveyance,. which was refused, etc.
*Held,* that the delay in offering to correct was excused by the circumstances.
*Held,* also, that the description in the complaint of the way reserved as "ten feet in width along the south line of the tract conveyed," was sufficient..
*Held,* also, that the failure to have a deed read before executing it does not necessarily evince such negligence as will defeat a suit by the grantor to reform the instrument.

From the Dearborn Circuit Court.

*W. H. Matthews,* for appellant.

MORRIS, C.—This suit was brought by the appellees against the appellant for the purpose of reforming a deed for land situate in Dearborn county, Indiana, and executed by the former to the latter.   The complaint states that the land was described in the deed as follows:   "A part of the northwest quarter of section 4 in township 6 of range 2 west, and bounded as follows, to wit:   Commencing at the south-

west corner of said quarter, thence running west 43.25 rods; thence east to the corner of Marx Schautz and Anthony Schaffer's land; thence south to the east line of the quarter; thence west to the place of beginning, containing fifteen acres more or less." It is averred that the appellees owned, at the time said deed was made, and still own, a small tract of land adjacent to and abutting upon the tract of land by them conveyed to the appellant; that they then resided and still reside upon the tract so owned by them; that the tract so sold and conveyed by them to the appellant lies between the tract upon which they then resided, and still reside, and the only public highway accessible to them from their residence, with wagons and vehicles, and that their only outlet, from their home to the public highway, at the time of making said deed, was and still is over and across the land so conveyed by them to the appellant; that, at the time they sold and conveyed said land to the appellant, they reserved and excepted from the tract of land conveyed, and that it was then understood and agreed by the appellant that the appellee should and did reserve, ten feet in width along the south line of the tract so conveyed, and from the east to the west line thereof, for a road and passway between their house and said public highway; that it was the intention of both parties, and was so understood by them, that such roadway along the south line of said land was excepted from said conveyance; that, by the mutual mistake of both parties to said deed, and through the error of the scrivener, and contrary to the agreement and intention of the parties, said roadway was reserved upon and along the east line of said land so conveyed instead of the south line thereof; that, for a long time after the making of said deed, they continued to pass over said tract of land from their home to said highway, along the south line thereof, with the knowledge and approval of the appellant, but that he afterwards discovered the mistake in said deed as to the location of said pathway, and then forbade and refused to allow the appellees to pass over said passway from their house to said

public highway; that a mistake also occurred in the description of said land in this, that, after the words "running east to the corner of Marx Schautz and Anthony Schaffer's land," it reads thus, "thence south to the east line of the quarter," whereas it should have read to the south line of said quarter, instead of to the east line of said quarter.

It is also alleged that, as soon as the appellees discovered said mistake, they executed a new deed conveying said land to the appellant, containing a correct description of the land and the roadway reserved, and tendered the same, properly acknowledged, to the appellant; that he refused to accept the same; that they bring said deed into court for the use of the appellant. The prayer is that the deed may be reformed so as to correctly describe the land intended to be conveyed and the roadway intended to be reserved.

The appellant demurred to the complaint. The demurrer was overruled. The appellant then answered the complaint by a general denial. The cause was submitted to a jury for trial, who returned a verdict in favor of the appellees, together with answers to interrogatories propounded by both parties. The appellant then moved the court for judgment in his favor upon the answers to the interrogatories. The motion was overruled. He then moved for a new trial, and this motion was overruled. The rulings of the court upon the demurrer to the complaint and the motions made by the appellant are assigned as errors.

The first objection urged to the complaint by the appellant is that it does not describe with sufficient certainty the way intended to be excepted from the operation of the deed. The reserved way is described in the complaint as being ten feet in width on the south line, and extending from the east to west line, of the land conveyed to the appellant. We think the description sufficient. Indeed, it is difficult to see how it could have been made more certain. It is also insisted that the delay of the appellees, as shown by the complaint, precludes them from obtaining the relief demanded. We

think, upon the facts stated in the complaint, the appellees were not guilty of such laches as barred their right to relief. They believed that the right of way had been properly reserved in the deed made by them to the appellant.   The fact that they occupied and used the reserved way on the south line of the land conveyed, for years after the execution of the deed, with the knowledge of, and without objection from, the appellant, was calculated to confirm their belief that the way so used had been properly reserved in their deed to the appellant, and to excuse them from active efforts to discover the error.   No other objections are urged to the complaint, and if there are others they are waived.   We think the court did not err in overruling the demurrer to the complaint.   In support of his motion for judgment, the appellant's counsel says : " The second interrogatory asked by the appellant's counsel is as follows :   ' Before the plaintiff signed the deed referred to in interrogatory one (if you find they did execute said deed), did the plaintiff request the said Vogelgesang (the person who drew the deed), or any one else, to read or explain said deed to the parties to it ? '   The jury answered this interrogatory in the negative, and the jury also find that the appellees did not request any one to read said deed.   Now we submit that a party is not entitled to any relief from the effects of a written document—especially a conveyance of real property. The law imposes upon parties some care in the execution of written instruments.   We do not care to burden the court with anything further, but submit the points we have suggested to the court."

We do not think the failure of the appellees to require the deed to be read to them by the scrivener after it had been written constituted such negligence on their part as would necessarily preclude the relief asked by them. ·  The error was the insertion of the word " cast" instead of the word " south." The directions given to the scrivener may have been specific and correct.   The parties to the instrument might have reasonably supposed that the scrivener had followed their direc-

tions in describing the land conveyed and the way reserved. Had the deed been read to them they might have overlooked —indeed, they would not have been likely to have observed —the use of the word "east" instead of the word "south." The description was not complicated, and their failure to read or have the description read to them was not unusual; nor did it evince such a degree of carelessness on the part of the appellees as would justify the appellant in refusing to make the deed what it was intended to be and so as to speak the intention of the parties, and to secure to them their respective rights. We do not think that the court for this reason—the only one urged by the appellant in support of his motion for judgment upon the special findings of the jury—erred in overruling the motion.

The evidence is not in the record. The motion for a new trial is not insisted upon. The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.