GROSSBACH, Respondent, vs. BROWN, Appellant.

*October 9 — November 8, 1888.*

*Equity: Mistake: Description of right of way in deed: Reformation:*
*Specific performance: Laches: Parties.*

In the conveyance of a right of way across certain specified tracts of
land, it is described as starting on the line of the N. E. ¼ of the
S. E. ¼ of the section, and running thence by courses and distances
to a certain point on the state road. The complaint alleges that
such description is erroneous and does not describe any precise
right of way whatever, and that to make the deed pass any right
of way and conform to the intention of the parties, the description
should be amended by designating the starting point as on the line
of the S. E. ¼ of the S. W. ¼ of the section, by inserting one course
and distance, and by omitting one distance. As described in the
deed, the right of way would not cross or touch the lands over
which it was granted, nor would it reach the state road any where
near the point mentioned, if at all. With the corrections in the
courses and distances, it would be apparent from an inspection of
the deed that the right of way should commence where it is alleged
it was intended to commence. The deed was founded on a valu-
able consideration, and the plaintiff was also entitled to a right of
way as of necessity over the tracts described. The defendant pur-
chased such tracts from the grantor of the right of way after the
recording of the deed. *Held*, on demurrer:

(1) The facts stated present a case for the reformation of the
deed, and the description is sufficiently certain to authorize the
enforcement of specific performance.

(2) There having been no interference with the plaintiff's right of
way until after the defendant purchased the land, and the action
having been commenced within six years after that time, the
plaintiff was not guilty of laches.

(3) The defendant's grantor, the original grantor of the right of
way, is not a necessary party.

APPEAL from the Circuit Court for *La Crosse* County.

The following statement of the case was prepared by
Mr. Justice CASSODAY:

The complaint alleges, in effect, that April 23, 1866, one
John Nagele owned in fee and was in the possession of

several pieces of land hereinafter described and for conven-
ience designated respectively by letters, all in township No.
15 north, of range No. 7 west, in the county of La Crosse,
Wisconsin, to wit: the S. W. ¼ of the S. E. ¼ (G), and the
S. E. ¼ of the S. W. ¼ (H), and the N. E. ¼ of the S. W. ¼
(J), and the N. W. ¼ of the S. W. ¼ (K), of section 11; and
the N. E. ¼ of the S. E. ¼ (L), and the S. E. ¼ of the N. E. ¼
(M), of section 10; that on said day said John Nagele, by
deed of conveyance duly executed, conveyed the said piece
of land above designated as G to Frederick Coelln, together
with the right of way through said other pieces of land so
owned by said John Nagele to the public highway in State
Road cooley — said right of way to be located where a
road may be easily constructed with the least possible det-
riment to the said John Nagele; and which deed was duly
witnessed and acknowledged and entitled to record, and
was duly recorded April 24, 1866; that the land so con-
veyed to Coelln was entirely shut off from any public high-
way except by the right of way so granted across said
other lands; that June 11, 1866, the said Coelln and wife
by deed of conveyance, duly executed, witnessed, and ac-
knowledged, conveyed the land so designated as G "to the
plaintiff herein, together with the right of way above men-
tioned and described, to and from the said public highway,"
which deed was duly recorded June 18, 1866; that May 2,
1868, the said John Nagele and wife in consideration of five
dollars to them in hand paid by the plaintiff, made, exe-
cuted, and delivered to the plaintiff a deed duly recorded on
that day, further conveying to the plaintiff, " the right of
way over a strip of land one and a half rods wide across
said several pieces of land described and designated above
as H, J, K, L, and M, respectively, the center of which
right of way is therein described as follows: " Commencing
at a point 3.12 chains south of the northeast corner of the
northeast quarter of the southeast quarter of section 11,

town 15, range 7, west, thence running north 51 degrees 30 minutes west 9.40 chains, thence north 48 degrees west 7 chains, thence north 46 degrees 30 minutes west 3.48 chains, thence north 72 degrees west 9.34 chains, thence north 57 degrees west 5.90 chains, thence south 68 degrees west 4.60 chains, thence north 55 degrees 30 minutes west 5.10 chains, thence west 1.07 chains to a point in the section line between sections 10 and 11, 7 links south of the quarter stake in said line, *thence west 5.90 to the state road.* It is mutually agreed by and between the parties hereto, that the first part shall build and maintain a good and substantial gate upon the western entrance of said road, and that the party of the second part shall always close said gate securely after passing through the same, and the said party of the second part shall be responsible and liable for all damages arising from the neglect of so closing said gate by him, *and these obligations shall extend to the heirs and assignees of the said parties forever;*" that said description therein given to said right of way so intended to be conveyed by courses and distances, was erroneous and in fact does not describe any precise right of way whatsoever; that in order to make said deed pass any right of way to the plaintiff and to conform to the actual intention of the parties it is necessary that the said description should be amended so that said right of way shall commence at a point 3.12 chains south of the northeast corner of the said forty acres above designated as H, instead of as above described; and also by inserting the words: "thence north 32 degrees west 3.30 chains," between the words in the description above given, " 3.48 chains," and the words, "thence north 72 degrees west;" and also by omitting the figures "5.90" where they last occur in the above description.

The complaint further alleges, in effect, that after the date of the purchase by the plaintiff of said forty acres above designated as G, for the convenience and accommodation of said

Nagele the plaintiff made several roads across said premises, at places different from that so intended to be described, over which the plaintiff was accustomed to pass and repass to and from said public highway with vehicles and on foot up till the purchase of said premises by the defendant over which said right of way passed; that said defendant purchased said premises of said John Nagele September 4, 1882, and has ever since been in the possession and occupation thereof, and has ever since refused to permit the plaintiff to pass over the said described premises, and has obstructed said right of way and has refused and does now refuse to allow the plaintiff to make a road and have a right of way across the same; that by reason thereof the plaintiff is greatly injured and damaged by being prevented from having free access to and from his said forty acres and said state road.

Wherefore the plaintiff demands judgment, in effect, that said deed of said right of way be reformed so as to express the intention of the parties as above set forth, and that the center line to said right of way be actually described and determined, etc., and for an injunction against any interference by the defendant with the plaintiff's use of such right of way, etc.

To that complaint the defendant demurred on the grounds that the complaint does not state facts sufficient to constitute a cause of action, and that there is a defect of parties defendant in the omission of the said John Nagele. From the order overruling that demurrer the defendant appeals.

*M. P. Wing*, for the appellant.

*E. C. Higbee*, for the respondent.

CASSODAY, J. 1. The complaint lacks accuracy and precision. But the question of making it more definite and certain is not here presented. Taking it all together, with

the aid of the exhibits annexed, and it alleges the facts substantially as stated above. They seem to be sufficient to entitle the plaintiff to the relief asked. The deed from Nagele to the plaintiff was for a right of way over a strip of land one and a half rods wide across lands described and then belonging to Nagele. That deed was recorded more than fourteen years prior to the defendant's purchase of the same lands from Nagele. Of course the defendant took his deed subject to such right of way in the plaintiff. True, the deed of such right of way to the plaintiff over the lands thus described purported to give the commencement of the center line of such right of way and the courses and distances of such center line therefrom " to the state road." But, by some inadvertence, instead of designating such point of commencement as 3.12 chains south of the northeast corner of said forty acres purchased by the defendant and designated above as H, as actually intended, it described the same as commencing more than half a mile northeasterly therefrom. By adopting such erroneous point of commencement, the courses and distances therefrom given would not cross or even touch any of the lands over which the right of way was thus granted, nor would it reach " the state road " anywhere near the point described in the deed, if at all. Such description also erroneously omitted one of the courses and one of the distances which should have been therein given, and also improperly inserted a distance, as appears in the above statement. With these corrections it would be apparent from an inspection of the deed that the right of way should commence where it is alleged it was intended to commence, instead of commencing at the point therein described; for otherwise the line by such courses and distances would not cross or touch the lands over which such right of way was thereby granted, or reach the state road at the point therein designated.

Where the description in a grant is otherwise definite and

certain, or may be made so by the light which contemporaneous facts and circumstances furnish, it will not be frustrated by the mere addition of a false or mistaken circumstance. *Docter v. Hellberg*, 65 Wis. 421; *Thomson v. Jones*, 4 Wis. 110. The facts alleged present a highly meritorious case for the reformation of the deed, since the plaintiff was entitled to a right of way over the land in question as of necessity against Nagele. *Jarstadt v. Smith*, 51 Wis. 96; *Valley Pulp & Paper Co. v. West*, 58 Wis. 610; *Kimball v. Cochecho R. Co.* 27 N. H. 448, 59 Am. Dec. 387. The plaintiff had the same right as against the defendant. *Ibid.* Besides, the deed of the right of way was based upon a valuable consideration. The description, therefore, must be regarded as sufficiently certain to authorize the enforcement of specific performance. *Docter v. Hellberg, supra.*

2. It is claimed that equity should not aid the plaintiff, by reason of his laches. But there was no interference with the plaintiff's right of way until after the purchase of the land by the defendant. This suit was commenced within six years after that period, and there are no equities in favor of the defendant.

3. We do not think Nagele is a necessary party to this action. He had conveyed the lands over which the plaintiff had acquired such right of way to the defendant. This action is merely to perfect and quiet such right of way in the plaintiff and as against the defendant. Nagele is not a necessary party to such a controversy.

*By the Court.*— The order of the circuit court is affirmed.