## MARY CARTER WHITE et al. *vs.* MARTHA PORTER SHAFFER.

*Purchaser of Land Entitled to Maintain Suit to Reform a Deed Executed by His Grantor—Mistake in Deed—Laches—Mortgagee of Land to be Protected From Loss When Deed is Reformed.*

The purchaser of a lot of ground from an owner who had reserved a right of way over adjacent land for the benefit of the first mentioned lot, is entitled to maintain a bill against the grantee of the adjacent land to establish the right of way as reserved and to reform a confirmatory deed executed by his grantor so as to make it conform to the intention of the parties.

A bill in equity alleged that A had granted a lot of ground to the defendant and in the deed of conveyance a certain right of way over the lot had been reserved for the benefit of an adjoining lot belonging to A;

that subsequently defendant had represented to A that a confirmatory deed was necessary to correct an error of description in this deed, and that A had executed the confirmatory deed without knowing that in addition to correcting the error in the description it also changed the location of the roadway; that afterwards plaintiff had purchased the adjoining lot for the benefit of which the right of way had been reserved; that the location of the roadway in the confirmatory deed was a mistake and that both parties intended it should be located as in the first deed The prayer of the bill was for the reformation of the confirmatory deed so as to make it accord with the actual agreement of the parties. *Held,* upon demurrer, that the allegations of the bill are such that the defendant should be required to answer and the plaintiff have an opportunity to prove the facts alleged.

Laches is not a defense to a suit to reform a deed instituted ten years after its execution and seven years after plaintiff acquired title to the property which gave him the right to bring the suit, when the bill alleges that the plaintiff had made repeated overtures to the defendant for an amicable adjustment of the controversy which had not been definitely rejected until shortly before the bill was filed, and that the defendant had not been prejudiced by the delay.

When a bill is filed to reform a deed so as to change the location of a right of way over certain land, a subsequent mortgagee of the land is entitled to be protected from any loss caused to him by the reformation of the deed.

Appeal from the Circuit Court for Baltimore County (Fow-LER, C. J., and BURKE, J.)

The cause was argued before BRISCOE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Richard M. Duvall* and *Shirley Carter*, for the appellants.

*Osborne I. Yellott* and *Forrest Bramble*, for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The appeal in this case is from an order of the Circuit Court for Baltimore County overruling the demurrers of the appellants to an amended bill in equity filed by the appellee as plaintiff below. The question therefore presented for our consideration is whether the amended bill, admitting those of its allegations which are well pleaded to be true, presents a case entitling the plaintiff to relief.

The substantial allegations of the bill are as follows :

Matilda F. Smith being the owner of a valuable tract of land in Baltimore County subdivided it for purposes of sale into a number of smaller lots. Three of these lots, which for convenience will be designated as numbers one, two and three, lie adjacent to each other east of the Avalon Forge road in the relative positions indicated on the following plat.

Mrs. Smith having thus subdivided her land, sold and conveyed lot No. one to the appellant, A. Robinson White, on August 22nd, 1889, and he granted and conveyed it to his wife, Mary Carter White, on March 4th, 1890.

Mrs. White having acquired lot No. one desired also to secure lot No. two and made application to Mrs. Smith for its purchase, but, as a sale of lot No. two in its entirety would have resulted in cutting off access from lot No. three northerly to the Avalon Forge road through other lands owned by Mrs. Smith lying north of lots one and two, she refused to sell the latter lot without the reservation of a roadway through it along its western boundary, from her lands on the north to

her lot No. three on the south. Mrs. White and her husband then agreed to the reservation out of lot No. two of a roadway as aforesaid and purchased the lot upon those terms and on May 15th, 1891, took a deed therefor from Mrs. Smith in which the road was expressly reserved. In view of the reservation of this road it was agreed between the parties to the deed that Mrs. White should not pay for the ground embraced in the roadbed and in pursuance of said agreement the area of lot No. two as purchased by her was computed at 3 66-100 acres, that being exclusive of the bed of the road.

In the deed from Mrs. Smith to Mrs. White of lot No. two, the grant was therefore made "subject however to the use by the said Matilda Frances Smith, her heirs and assigns, of a road 16½ feet wide to be forever kept open for the benefit of the said Matilda Frances Smith, her heirs and assigns, and lying to the east and bounding on the fifth line of the lot now intended to be conveyed" said fifth line being the north 11 degrees east 488 feet line, of the description contained in the deed, which was the dividing line between lots one and two ; and such reservation was in exact accord with the intention of both parties to the deed.

After the acquisition by Mrs. White of lots one and two she requested of Mrs. Smith, who had not then sold lot No. three for the benefit of which the said road had been reserved, permission to extend the fences on the north and south sides of lot No. two across the ends of the roadway, in order to save Mrs. White the expense of building a line fence along the eastern side of the road, and that Mrs. Smith granted the permission, thus asked of her, with the understanding that the fences across the roadway should be removed whenever she might sell lot No. three or might otherwise have need for the use of the road, and that the appellants extended their fences across the right of way with the understanding aforesaid.

Sometime after the execution of the deed to Mrs. White of lot No. two the appellant discovered that it contained some slight errors in the description of the lot and A. Robinson White acting on behalf of his wife presented to Mrs. Smith

what purported to be a confirmatory deed from her to Mrs.
White of lot No. two and asked her to execute it stating that
its purpose was to correct some slight errors in the descrip-
tion contained in the original deed but saying nothing what-
ever in reference to the use of the road as reserved in the
original deed. Mrs. Smith having full confidence in Mr.
White, who was and for sometime had been her confidential
agent and broker in the sale of portions of her real estate, and
being herself ignorant of the significance of the terms used in
the description of lands by metes and bounds and trusting in the
honor and integrity of Mr. White executed the confirmatory
deed without seeking further advice on the subject.

It is to be observed, in connection with the allegations of
the bill thus far mentioned that an examination of the original
and confirmatory deeds of lot No. two, copies of which are
filed with the bill as exhibits, discloses the fact that the de-
scription of the lot is substantially the same in both instru-
ments, the difference being that in the original deed the fifth
line of the description is said to coincide with the *ninth* line of
the deed from Mrs. Smith to Mr. White of lot No. one and
in the confirmatory deed the fifth line is said to coincide with
the *second* line of that lot. The confirmatory deed however
differs materially from the original one in that it locates the
roadway reserved to the grantor not inside of the lot along its
fifth line, where it would run north and south and connect lot
No. three with the grantor's other lands, but makes it run
east and west along the fourth line of the deed and outside of
the lot, where it would serve no intelligible purpose. This
reserved road as located along the dividing line between lots
one and two, where the bill alleges that it was intended to be
placed, would be highly beneficial although perhaps not es-
sential to the use and enjoyment of lot No. three which the
grantor retained, but, so far as the record shows, it would
have been of no advantage whatever to her where the con-
firmatory deed located it. It is further to be observed that
although the confirmatory deed changes both the location and
direction of the road it does not recite or mention any purpose

to make those changes.   It simply recites as the reason for
its execution that the "parcel of land" conveyed by the
original deed had been "erroneously described" therein and
that the new deed is made for the purpose of "correcting said
error" and "confirming said deed."

. The bill distinctly alleges that the recital in the confirmatory
deed of the reservation of the road "as being of a road to
the west and along the fourth or north 78 degrees 40 minutes
west 220 feet line of said deed *was a mistake* and was meant
*by both parties to said deed* to be to the east and along the fifth
line of said description."

The bill further alleges that on September 20th, 1894, after
the execution of the several deeds to Mrs. White for lots Nos.
one and two, Mrs. Smith sold and conveyed with covenant of
special warranty to the appellee Martha Porter Shaffer lot No.
three together with the use and benefit of the 16½ feet road
way reserved or intended to be reserved in the confirmatory
deed to Mrs. White.   That at the time of such purchase by
the appellee she had an agreement with her grantor Mrs.
Smith that she should have an additional right of way, over
Mrs. Smith's land there situate, from the northern terminus of
the way reserved over Mrs. White's lot No. two out to the
Avalon Forge road.   That the appellee, believing the title to
lot No. three and the said rights of way so purchased from
Mrs. Smith to be good, paid part of the purchase-money
therefor and proceeded with the erection of a house upon the
lot before the completion of an examination of its title.   After
the house had been partially erected the facts already men-
tioned touching the several deeds to Mrs. White of lot No.
two, were brought to light in the course of the examination
of the title.   That those facts were brought to the attention
of Mrs. Smith who, in view of the errors in the said deeds to
Mrs. White, was unable to execute to the appellee a deed with
an absolute right to use such road as located in the original
deed to Mrs. White of lot No. two, but agreed to execute and
subsequently on September 4th, 1894, did execute to the ap-
pellee a deed for lot No. three, together with the use of the

roadway reserved or intended to be reserved in the confirmatory deed to Mrs. White of lot No. two, whereupon the appellee paid to Mrs. Smith the balance of the purchase-money for lot No. three.

That since the receipt of her said deed the appellee has demanded of the appellants and particularly of Mrs. White that they remove their fences erected as aforesaid across said roadway, and has proffered and tendered to them a correct confirmatory deed of lot No. 2, properly executed by Mrs. Smith but that they have refused to accept such deed or to remove their said fences or to permit the appellee to use the said roadway as intended to be reserved. The bill then explains the apparent delay of the appellee in instituting her suit by averring that since the discovery by her of the errors of description in the deed to Mrs. White she has frequently made to her and her husband offers and suggestions looking toward an amicable settlement of the differences between them without getting a decided or final rejection of those offers until shortly before filing her bill; and that she had delayed filing the bill in the "hope and belief" that the said appellants, who were her neighbors and on good terms with her in respect to other matters, would agree amicably to the correction of the said confirmatory deed. And it further alleges that the appellants have not been prejudiced by the delay in filing the bill as the bed of the said right of way has been used by them merely for farming purposes and no buildings or improvements have been erected thereon.

The bill also avers that the appellants Maria L., Lamina F., and Emelia G. Focke, who hold a mortgage from Mr. and Mrs. White for $1200 on lot No. two, will not be prejudiced by the reformation asked for as the lot is assessed for taxes at $3599 and is in fact worth $4000 and further that the appellee has offered to give the said mortgagees a good and sufficient bond in such penalty as they might require to indemnify them against any possible shortage in the future foreclosure of their mortgage if they would interpose no objection to the granting the relief asked for by the bill, and has also offered to

pay the mortgagors the full amount of the mortgage and take an assignment of it without recourse and also pay them such additional sum as they might lose by giving up their investment but they declined to accept any of such offers.  The appellee also tenders herself ready to indemnify the mortgagees in any reasonable manner against loss to them by reason of granting the relief for which she asks and to have conditions to that effect inserted in the deeree which may be passed.

The prayers of the bill are that the confirmatory deed of lot No. two from Mrs. Smith to Mrs. White may be so reformed as to accord with the true intention of the parties thereto, by substituting in the clause reserving the right of way the words "and lying to the east and binding on the fifth line" in lieu of the words "and lying to the west and binding on the fourth line," and for further relief.

Mrs. Smith was a co-plaintiff with the appellee in the bill as originally filed.  The defendants having demurred to that bill the Court sustained the demurrer on the ground of the misjoinder of Mrs. Smith but granted leave to the appellee to amend the bill by striking out her name as a plaintiff and making certain changes in its allegations; which was accordingly done thus producing the amended bill which is now under consideration.

We think the learned Judges below were right in overruling the demurrer to this bill.  It is true that portions of the bill are somewhat obscure but the substantial facts upon which the plaintiffs right to relief must rest are stated with sufficient clearness.

The original deed from Mrs. Smith to Mrs. White for lot No. two reserves on its face to the grantor and those claiming under her "a road sixteen and a-half feet wide" and "lying to the east and binding on the fifth line of the lot."  The bill alleges that it was the intention of both parties to the deed that this road should be reserved and should run along the dividing line between lots Nos. one and two.  It is true that in the original deed the fifth line of the description was erroneously said to coincide with the *ninth* line of lot No. one,

but in the confirmatory deed that error of description is corrected and the fifth line of lot No. two is there declared to coincide with the *second* line of lot No. one, thus placing it, by the deed under which Mrs. White now claims title, along the division line between the two lots.

Again the bill distinctly alleges that the recital in the confirmatory deed of the location of the road intended to be reserved as being to the west of and along the fourth or north 78 degrees 40 minutes 220 feet line of said deed "*was a mistake and was meant by both parties to said deed to be to the east of and along the fifth line of said description.*" We find therefore in the bill not only an allegation that through a mutual mistake the confirmatory deed, which it is asked to have reformed, failed to express the true intention of the parties to it as to the location of the road therein reserved, but also a distinct allegation of what was the real intention of both parties to the deed as to the location of the road. The authorities agree that under such circumstances a Court of equity will correct and reform a deed so as to make it conform to the true intention of the parties. *Tyson* v. *Tyson*, 31 Md. 134; *Cooke* v. *Husbands*, 11 Md. 492; *Showman* v. *Miller*, 6 Md. 479; *Bond* v. *Dorsey*, 65 Md. 310; *Boulden et al.* v. *Wood*, 96 Md. 332.

Nor do we regard as tenable the position, so ably contended for in argument by the counsel for the appellants, that the appellee has not in her bill alleged the possession of such substantial interest in the subject-matter of the suit as to entitle her to be heard in reference to it. She does not appear before the Court as the assignee of a mere right of action. The deed to her of lot No. three from Mrs. Smith expressly conveys, as appurtenant to the lot, the use of the road or right of way reserved or intended to be reserved by Mrs. Smith in her confirmatory deed to Mrs. White of lot No. two. Now both of the deeds of that lot to Mrs. White on their face grant the lot subject to a road to be left open for the use of Mrs. Smith and her assigns. The dispute alleged in the bill is not as to the intention of the parties to the deeds that the

road should be reserved or as to the dimensions of the road, it is *as to its location.* The right of way acquired by the appellee from Mrs. Smith under the circumstances set up in the bill was therefore more than a mere right of action. It constituted such a substantial interest in the road itself as to give her standing to maintain the suit if in other respects her title to relief is good. The right to file the bill is incidental to the conveyance of the lot with the use of the road. *Haslett* v. *Stephany,* 55 N. J. Eq. 68; *Dickinson* v. *Burrell,* L. R., 1 Eq. 337; *McMahon* v. *Allen,* 35 N. Y. 403; *Bradshaw* v. *Atkins,* 110 Ill. 323; *Baker* v. *Pyatt,* 108 Ind. 62; *Mayo* v. *Adams,* 58 Vt. 74; *Grossbach* v. *Brown,* 72 Wis. 458; *Schautz* v. *Keener,* 87 Ind. 258.

In *Haslett* v. *Stephany, supra,* the owner of a parcel of land divided it into six lots for purposes of sale with the intention of running an alley across the rear of the six lots for their common use. He sold to the person under whom the plaintiff claimed one of the lots reserving in the deed the alley way over it but through inadvertence inserted therein no grant of the way over the other lots. He afterwards sold the other five lots but through mistake omitted from the deed conveying them the reservation of the alley way over them. The plaintiff was held entitled to a reformation of his deed as against the purchasers of the other lots so as to give him the right of the alley way over these lots. It was there held that the purchasers of the five lots had notice from the recording of the deed for the plaintiff's lot of the existence of the alley way: And in *Grossbach* v. *Brown, supra,* a deed, which granted a roadway but erroneously described and located the way, was reformed on the bill of the grantee against a party claiming title to the land, over which the way passed, under a deed made after the recording of the deed which erroneously described and located the way.

The allegations of the bill in the present case explanatory of the delay in filing it might be more specific than they are but we regard them as sufficient to afford a *prima facie* rebuttal of the presumption of laches on the part of the appellee

in asserting her rights. These allegations in substance are that she delayed filing the bill in "the hope and belief" of the success of overtures, for an amicable adjustment of the controversy, which she asserts were repeatedly made by her to the defendants and not definitely rejected by them until shortly before the bill was filed; and further that the status of the roadbed had continued to be such that the appellants had not in fact been prejudiced by the delay in filiug the bill.

Those of the appellants who hold the mortgage on the lots of land, through which the appellee claims the right of way, had constructive notice from the contents of the deeds to Mrs. White, which were recorded and are referred to in the mortgage, of the fact that the intention of the parties to those deeds was to convey the land subject to a roadway, but the mortgagees are entitled to be protected in the decree, if one should ultimately be passed in favor of the plaintiff from any loss arising from the reformation of the deed so as to change the location of the road. The plaintiff in her bill tenders herself ready to submit to and perform any such terms and conditions in that respect as the Court may put upon her by the decree.

It does not yet appear whether the appellee will ultimately be entitled to the relief for which she asks when the appellants have answered and testimony has been taken but the allegations of the bill and the contents of the exhibits filed with it are in our judgment sufficient to require answers from the appellants.

The order appealed from will be affirmed and the case remanded for further proceedings.

> *Order affirmed with costs and case remanded for further proceedings.*

(Decided April 22nd, 1903.)