# HENRY M. LANFORD *vs.* TOM MOORE ET AL.

*Specific Performance—Parties—Charge of Fraud—Bill by Purchaser—Reformation of Contract.*

A bill to compel the performance of a contract between designated parties is not maintainable against persons by whom no duty under the contract is alleged to have been assumed, and is properly dismissed as to such persons.　　　　　　　　p. 423

In a bill for specific performance of a contract of sale, a charge that one defendant, the vendor under such contract, defaulted under a contract for the purchase of the property by him from two other defendants, and entered into a different

contract with them whereby he agreed to buy from them a one-half interest in the property, "which said second contract was made for the express purpose of endeavoring to defraud" plaintiff "out of his rights under" the contract of sale to him, *held* insufficient to charge fraud against such other defendants.

                                                    p. 424

A charge of fraud should be certain both as to the conduct characterized as fraudulent and as to the parties intended to be accused.                                            p. 424

If persons holding interests in property participate in an effort to defraud a purchaser thereof by rescinding for that purpose a contract upon which a conveyance to the purchaser by his vendor is dependent, they may justly be required, upon sufficient allegation and proof of such fraud, and under proper provisions for the application of the purchase money, to join in a conveyance to the purchaser of the title for which he contracted, or be otherwise charged with liability in regard to the default of which he complains.                    pp. 424, 425

The purchaser was entitled to a reformation of the contract of purchase by the insertion therein of the agreed purchase price, omitted by fraud or mutual mistake, and specific performance to the extent of the vendor's interest in the property.

                                                    pp. 425, 426

The allegations of a bill for specific performance suggesting that the plaintiff might possibly have legitimate ground for redress in regard to the subject of the suit, *held* that the affirmance of decrees dismissing the bill should be without prejudice to any right which plaintiff may have to take appropriate action to that end.                                            p. 426

*Decided April 9th, 1924.*

Appeal from the Circuit Court for Montgomery County. In Equity (EDWARD C. PETER, J.).

Bill by Henry M. Lanford against Tom Moore and others. From decrees dismissing the bill, plaintiff appeals. Affirmed.

The cause was argued before THOMAS, PATTISON, URNER, ADKINS, OFFUTT, and DIGGES, JJ.

*F. S. Swindell,* with whom was *Albert M. Bouic* on the brief, for the appellant.

*Robert Peter, Jr.,* and *William F. Prettyman,* with whom were *C. Chester Caywood* and *Talbott & Prettyman* on the brief, for the appellees.

URNER, J., delivered the opinion of the Court.

The decrees in this case dismissed on demurrer a bill of complaint which alleged that the plaintiff, on November 8, 1921, entered into a written agreement with Tom Moore, one of the defendants, acting nominally for his sister, Mrs. Florence Drake, but really for himself, to purchase certain real estate in Montgomery County which Moore, as the result of negotiations conducted by the plaintiff, contracted to buy for himself in his sister's name from Mrs. Nellie Jones Blick, another of the defendants, but that Moore defaulted in his purchase from Mrs. Blick for the purpose of defrauding the plaintiff of his rights under the agreement by which Moore had sold him the property, and that for the same purpose Moore subsequently bought from Mrs. Blick an undivided one-half interest in the land, and that he was allowed to apply on the new purchase a payment which he had made on account of the contract under which he would have acquired the entire title. It was further alleged in the bill that the plaintiff's written agreement for the purchase of the property from Moore omitted to state the total price of $13,000, upon which the plaintiff and the defendants, Moore and Mrs. Blick, had agreed, and that the omission of the price from the agreement was the result of mutual mistake or of Moore's fraud or inadvertence. A tender of full compliance with the terms of his agreement was made by the plaintiff in the bill of complaint, which also averred that he has been in possession of the property since the date of his contract of purchase, but has been formally notified by the defendants to vacate. The bill prayed for a reformation of the plaintiff's agreement with Moore, in regard to the statement of the full purchase price, and for the specific

enforcement of the agreement as so reformed. It was also prayed that, pending a decision of the case, an order be passed restraining the defendants from interfering with the plaintiff's possession, and that he be permitted to deposit in court the amount of the cash payment required by his contract of purchase and a promissory note secured by mortgage for the deferred payment for which it provided. The prayer for relief further proposed that if it were determined by the court that Mrs. Blick's husband and Mr. Moore's wife, who were made defendants, should not be compelled to join in a deed to the plaintiff for the property claimed, the purchase price be abated to the extent of the value of their inchoate rights of dower. The agreement sought to be reformed and enforced was exhibited with the bill. There is a reference in that agreement to one of "even date" "between Mrs. Florence Drake and Nellie Jones Blick" for the sale of the same property.

Because there was no allegation in the bill of complaint that the plaintiff had entered into any contract with Mrs. Blick and her husband, or with Mrs. Moore, the bill was dismissed as to them by decree of the lower court, after a hearing on the demurrer, but as to Mr. Moore the court retained the bill for the purpose of permitting the plaintiff to amend it by inserting an offer to accept, for half the original purchase price, the undivided half interest which that defendant has acquired in the property mentioned in the agreement sought to be enforced. No advantage having been taken of the opportunity thus afforded, the bill as a whole was dismissed. From the decrees of dismissal the plaintiff has appealed.

The purpose of the bill being to compel the performance of a contract between designated parties, the court below was clearly right in deciding that the bill was not maintainable against persons by whom no duty under the contract was alleged to have been assumed.

The argument for the appellant was partly based upon the theory that the default of Moore as to the agreement

under which he is said to have purchased the property he contracted to sell and convey to the plaintiff was a fraud upon him, in which other defendants participated. There is no sufficient averment in the bill that the defendants other than Moore were parties to the alleged fraud. It is charged that Moore defaulted under his first contract with Mrs. Blick and her husband, and "entered into a different contract" with them whereby he agreed to buy an undivided one-half interest in the property, "which said second contract was made for the express purpose of endeavoring to defraud" the plaintiff "out of his rights under" the contract with Moore filed as an exhibit with the bill of complaint. This allegation imputes to Moore a purpose to defraud the plaintiff by the breach of the first and the execution of the second contract with Mrs. Blick and her husband, but we are left in doubt by the bill as to whether the latter parties were intended to be charged with participation in a scheme to thus defeat the plaintiff's contractual rights. It is evident from the opinion of the able and careful judge, now deceased, who decided the case below, that he did not understand the bill to charge any of the defendants except Moore with the commission of a fraud against the plaintiff's interests. If it was the real intention of the plaintiff to allege that all of the defendants fraudulently co-operated to deprive him of the benefit of his purchase, by substituting a different contract for the one under which his vendor would have procured the title agreed to be sold and conveyed, the bill could readily have been framed to make that specific averment.

A charge of fraud should be distinctly stated. It should be certain both as to the conduct characterized as fraudulent and as to the parties intended to be accused. *Fried* v. *Burk,* 128 Md. 548; *Boyd* v. *Shirk,* 125 Md. 178. This requirement is not observed by the bill before us except in so far as the charge of fraud applies to the plaintiff's immediate vendor. If in fact the other defendants, holding the remaining interests in the property, participated in the alleged effort to defraud the plaintiff, by rescinding for that purpose the

contract upon which the conveyance to him by his vendor was dependent, they might justly be required, upon sufficient allegation and proof of such a fraud, and under proper provisions for the application of the purchase money, to join in a conveyance to him of the title for which he contracted, or be otherwise charged with liability in regard to the default of which he complains.

In the specific performance case of *Powell* v. *Young*, 45 Md. 494, cited in argument, a vendor had disabled himself to perform his agreement for the sale of land to the plaintiff by failing to comply with the terms of his election to take the land in the division of his father's estate. This failure occurred in pursuance of a fraudulent arrangement with the next eldest heir to exercise the right of election, and to thus prevent the consummation of the plaintiff's purchase. It does not appear that the other heir, who was joined with the vendor as a defendant in the suit, had obtained title to the property, but because of his part in the fraud against the plaintiff, he was decreed to be liable with the vendor for the restitution of the portion of the purchase money which the plaintiff had paid. In this case the defendants are in a position to convey the title to the property which the plaintiff contracted to buy, but there is no definite allegation of fraud against any of the defendants except the one who was the plaintiff's vendor under the agreement with which the suit is primarily concerned. In the absence of such an averment against the vendor's co-defendants, the bill presents no ground upon which a decree against them could be rendered. Consequently as to them it was demurrable.

The decrees below were passed after the bill had been for the second time amended. In declining to include in the bill an offer to accept the half interest which Moore had purchased, the plaintiff made no request to further amend the bill in any other respect. Under the circumstances there was no reason why a decree sustaining the demurrer and dismissing the bill should be refused. The opinion accompanying the first decree properly recognized the right of the plain-

tiff, if the allegations of the bill were verified by proof, to a reformation of his contract of purchase and to its specific enforcement as against Moore, to the extent of his transferable interest in the property which he agreed to sell (*White* v. *Shaffer,* 130 Md. 351; *Gaver* v. *Gaver,* 115 Md. 260; *Popplein* v. *Foley,* 61 Md. 381), but as the bill disclosed the fact that he could convey only an undivided one-half interest, it was concluded that the contract could be specifically enforced only to that extent. As presented on demurrer to the second amended bill, we think the case was correctly decided. But while the allegations of the bill are not sufficient to justify a different conclusion, they suggest that the plaintiff may possibly have legitimate ground for redress against the defendants in regard to the subject of this suit. The affirmance of the decrees will, therefore, be without prejudice to any right which the plaintiff may have to take appropriate action to that end.

> *Decrees affirmed, without prejudice, the appellant to pay the costs.*