HENRY JOHNSON *v.* NATIONAL MUTUAL INSURANCE CORPORATION
[No. 13, October Term, 1938.]

*Decided January 10th, 1939.*

544

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, and JOHNSON, JJ.

*William Saxon,* with whom were *Levin & Hendelberg* on the brief, for the appellants.

*James J. Lindsay,* with whom was *Charles D. Harris* on the brief, for the appellee.

JOHNSON, J., delivered the opinion of the Court.

Henry Johnson, the appellant, filed his bill of complaint in the Circuit Court of Baltimore City for the reformation of a policy issued by the appellee, insuring him against liability for personal injury and property damage. He alleged that a mutual mistake had been made, in that one of four automobile trucks mentioned therein was not owned by him when the policy was issued, but had been previously replaced by a 1928 Graham-Dodge Truck, which was involved in two accidents, one having occurred August 31st, and the other on September 6th, 1936, while operated by his agents; separate suits which were instituted against him as a result of said accidents, not having been defended by the appellee after notice, terminated in favor of plaintiffs therein. The relief sought in the present case is (a) for a reformation of the policy as of its effective date, August 15th, 1936, by eliminating the 1928 Dodge Truck with motor and serial numbers therein specified, and substituting therefor the 1928 Graham-Dodge Truck identified by certain motor and serial numbers, and (b) that the appellee be required to pay said two judgments and costs, together with plaintiff's attorney fees. The defendant's answer denied the material averments of the bill, and testimony was heard by the chancellor, who found no facts to support plaintiff's contention that the defendant had at any

time intended to insure the Graham-Dodge Truck, and accordingly dismissed the bill of complaint. From that decree the present appeal is taken.

The facts are reasonably free from dispute, and show that Johnson owned and operated four trucks prior to August 15th, 1936, and had theretofore carried property damage and public liability insurance upon them with the Central Mutual Insurance Company. The policy was at that time expiring and the owner asked his insurance agent, Davis, to have the trucks insured under a new policy. His agent, or the clerk of the agent, called Lowndes & Lowndes, agents for appellee, who agreed to write a new policy of insurance for the owner. At that time the agents for appellee did not know Johnson, neither did they have knowledge of the number of trucks he owned nor their make, except as told by Johnson's agent or the clerk of the latter. Davis, in giving directions to Lowndes & Lowndes as to the description of each of the four trucks to be covered, relied upon the description contained in the old policy, issued by Central Mutual Insurance Company, and using that policy as a memorandum read to Lowndes & Lowndes over the telephone the name of four trucks, together with the motor and serial numbers of each. The descriptions which he read to Lowndes & Lowndes were by them correctly incorporated in the policy in controversy, which was executed and delivered on August 16th, 1936.

Shortly after the accident of August 31st, 1936, Johnson made claim under the policy against the defendant, which denied liability because the truck involved was not covered by the policy. It was then discovered that the truck involved in that accident was not one of the four trucks covered by the policy, but was a one ton Graham-Dodge Truck which Johnson had obtained during the life of the Central Mutual policy. He had at the same time disposed of a 1928 one and one-half ton Dodge Truck which was originally insured by the Central Mutual policy, and after acquiring the fifth truck the Central Mutual Company, by a rider to its policy, substituted

546

it for the 1928 Dodge Truck. However, Davis, appellant's agent, in describing the trucks to Lowndes & Lowndes entirely overlooked the existence of the rider. Lowndes & Lowndes were entirely dependent upon the information furnished by Davis as to the trucks which they were insuring and the instructions which he gave them were accurately followed. There is not any proof that they undertook to insure any four trucks, or the plaintiff's fleet of trucks as a class, but on the contrary the facts show that they were insuring four separate trucks, each identified by make, motor number, and serial number. It would follow from those facts that the defendant could not have been held liable for an accident to the 1928 Dodge Truck, since it was not Johnson's property, nor should it be held liable for damages accruing from the accident to the 1928 Graham-Dodge Truck which it never insured, it having no knowledge of its existence or of the fact that it was Johnson's property until loss was claimed. If any mistake was made, it would seem to lie in the failure of Davis, plaintiff's agent, to observe the rider attached to the Central Mutual policy, for, had he done so, it cannot be assumed that he would not, in giving directions to Lowndes & Lowndes, have described the Graham-Dodge Truck instead of the Dodge Truck, but the proof fails to suggest the slightest intention on the part of Lowndes & Lowndes to insure the Graham-Dodge Truck.

In view of the proof to which reference has been made, the correctness of the chancellor's decree becomes manifest. That written contracts, which through accident, error, or mistake, fail to express the actual agreement of the contracting parties, may, upon clear and satisfactory proof, be reformed in equity, so as to reflect the actual agreement of the parties, is clear. *Williston on Contracts* (Rev. Ed.), secs. 302, 1542-1543-1549; *Pomeroy's Equity Jurisprudence*, secs. 870-871-1376-2097; *Dulaney v. Rogers*, 50 Md. 524; *Stiles v. Willis*, 66 Md. 552, 8 A. 353; *Farmville Ins. & Banking Co. v. Butler*, 55 Md. 233; *Bridges v. Miller Rubber Co.*, 150 Md. 1,

132 A. 271; *Coggins & Owens v. Carey,* 106 Md. 204, 66 A. 673; *State v. Gaver,* 115 Md. 250, 80 A. 891; *Aetna Ins. Co. v. Baltimore, S. P. & C. R. Co.,* 117 Md. 523, 84 A. 166; *Fowler v. Pendleton,* 121 Md. 297, 88 A. 124; *Lanford v. Moore,* 145 Md. 420, 125 A. 686; *Boulden v. Wood,* 96 Md. 332, 53 A. 911; *White v. Shaffer,* 97 Md. 359, 54 A. 974; *Kiser v. Lucas,* 170 Md. 486, 185 A. 441; *Mutual Life Ins. Co. v. Metzger,* 167 Md. 27, 172 A. 610; *American Automobile Ins. Co. v. Shapiro,* 151 Md. 383, 135 A. 163.

But since, in the present case, the proof fails to disclose any intention on the part of appellee to insure the 1928 Graham-Dodge Truck, the mistake at most was unilateral. The doctrine therefore announced in the above cited authorities would not be applicable in view of the facts before us, since the mistake sought to be corrected by reformation of the policy was not mutual.

*Decree affirmed, with costs.*