23439. BLACKMAN *v.* TRAVELERS INSURANCE COMPANY.

BROYLES, C. J. 1. "Total disability does not mean absolute physical inability to work at one's occupation, or to pursue some occupation for wages or gain; but it exists if the injury or disease of the insured is such that common care and prudence require him to desist, *and he does in fact desist,* from transacting his business. In such circumstances, total disability exists." (Italics ours.) *Cato* v. *Ætna Life Insurance Co.*, 164 *Ga.* 392 (4) (138 S. E. 787).

2. "If the insured, who was afflicted with tuberculosis, had quit pursuing his occupation of a weaver, *on account of his disease,* then, under the evidence of the medical experts that it was unwise for him to work in

the condition of his health, it would have been for the jury to say whether ordinary care required him to abandon his ordinary occupation, and whether total disability existed, under the principle of law that matters of this kind are ordinarily questions of fact for the jury. But as the insured did not abandon his calling *on account of his disease*, this principle is not applicable." (Italics ours.) *Cato* v. *Ætna Life Ins. Co.*, supra.

3. In the instant case the undisputed evidence demanded a finding that the insured did not abandon his work *because of his disability*, and, under the facts of the case and the foregoing rulings in the *Cato* case, the verdict for the defendant insurance company was demanded.

4. The general grounds of the motion for a new trial are expressly abandoned in the brief of counsel for the plaintiff in error; and the special grounds of the motion complain only of alleged errors in the charge of the court. Under repeated rulings of the Supreme Court and of this court, where the verdict in a case is demanded by the law and the evidence, exceptions to the charge of the court will not be considered.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED APRIL 20, 1934.

*John D. & E. S. Taylor, Wright & Covington,* for plaintiff.
*Maddox, Matthews & Owens,* for defendant.