24041. PRUDENTIAL INSURANCE COMPANY OF AMERICA *v.* BATCHELOR.

Decided November 12, 1934.

*Jones, Johnston, Russell & Sparks,* for plaintiff in error.
*Smith & Smith, Furman Smith,* contra.

SUTTON, J. This was an action on a policy of group life insurance, containing a total disability clause, by an employee of a cotton mill, who was in ill health at and before the issuance to her of the certificate in the group insurance, which certificate was issued without any medical examination. The case was tried in the municipal court of Macon, and when the defendant moved the court to direct a verdict in its favor because it appeared from the testimony that the plaintiff did not become disabled while said policy was in force, but, on the other hand, it appeared that plaintiff's condition in August, 1931, at which time she claims to have become disabled, was the same as in December, 1926, and that this condition had continued from 1926 up to the date of the trial,

and that plaintiff was totally and permanently disabled in 1926 and she continued to be totally and permanently disabled up to the first day of June, 1929, and she was totally and permanently disabled on June 3, 1929, prior to the issuance of the certificate of insurance sued on. Upon the trial the following testimony was offered by the physician treating the plaintiff: Plaintiff had been suffering from angina pectoris for many years; and at the time she quit work on August 29, 1931, she was not able to work in the cotton mill any longer, not having the physical strength to work; that it would have endangered her to continue working in the mill, any physical exercise like working in a cotton mill being likely to bring on a heart attack, which might prove fatal; that he did not think plaintiff would ever be able to work again; that she was confined to her bed at that time; and that she was permanently and totally disabled from angina pectoris, heart disease. Witness further testified that plaintiff's trouble had existed about ten years; that he had never known anyone to recover from this trouble, although with the proper treatment they might possibly linger for many years; that rest and diet is the principal treatment; that plaintiff is now unable to do anything that would be remunerative or make a living for herself and the children; that plaintiff ought not to have been working in 1931; that the fact that she was working prior to that time was not good for her; that she first got to the point where she should have quit work in 1926; that she was totally disabled in 1926, but necessity drove her to work; that if she had been a patient who could have afforded it, he would have advised a trip to the mountains or seashore and kept her out of the cotton mills, but that plaintiff felt like she had to feed her children, she being a widow with no means of support, except her physical labor; that his opinion is that plaintiff has been permanently disabled since 1926; that it would have been better for her to have stopped work in 1926, but that in 1931 plaintiff became so disabled that she could not work, no matter how much she had to; that her working up to 1931 was a question of her having to make a living; that plaintiff did not work regularly prior to 1931, she would be out a week or ten days, and then work a week or ten days; that plaintiff also had chronic Bright's disease; that it was not altogether his advice for plaintiff not to work prior to 1931, because she had a house full of little children and had to work; that plaintiff worked

as long as she could; and that when witness said plaintiff was not able to work prior to 1931, he meant that it was not advisable for her to work, but that she continued working up to 1931. The trial judge, after hearing the motion of defendant for a directed verdict in its favor and the argument of counsel on both sides, on his own motion directed a verdict for the plaintiff. The defendant moved for a new trial, the motion was overruled, and thereupon defendant filed its petition for certiorari to the superior court of Bibb county, in which it assigned error on the judgment overruling its motion for a new trial and also assigned the verdict and judgment directed in plaintiff's favor as being erroneous and contrary to law and the evidence. The judge of the superior court overruled the petition for certiorari, and to this judgment the defendant excepted.

Counsel for the insurance company, plaintiff in error in this court, in their brief concede that there is no assignment of error on the direction of a verdict. "The case was tried in the municipal court of Macon. . . A motion for new trial was made in the municipal court, which was overruled, and the case went by certiorari to Bibb superior court. There was no assignment of error in the motion for new trial or in the petition for certiorari which will raise the question whether the court should have submitted the case to a jury rather than direct a verdict for the plaintiff. The question, therefore, is whether or not there was any evidence to support the verdict." The position of plaintiff in error is "that the verdict in favor of the plaintiff and against the insurance company . . was unsupported by any evidence, and that a verdict for the insurance company was demanded. . . We now concede that the question is whether the verdict was contrary to law as being unsupported by any evidence, and not whether it was error for the court to direct a verdict as it did, rather than to submit the case to a jury."

1. There was evidence in this case from which a jury might well infer that plaintiff's physical condition was not such as to absolutely prohibit her from doing any remunerative work for a living until August 1931, when she had to quit on account thereof, and that she was not totally and permanently disabled within the meaning of the policy sued on until August, 1931; the policy providing that if an employee, while the insurance is in full force and effect, "shall become totally and permanently disabled or physically or

mentally incapacitated to such an extent that he or she by reason of such disability or incapacity is rendered wholly, continuously, and permanently unable to perform any work for any kind of compensation of financial value during the remainder of his or her lifetime," the company will pay, etc. See *Travelers Insurance Co. v. Sanders,* 47 *Ga. App.* 327 (170 S. E. 387) ; *Blackman* v. *Travelers Insurance Co.,* 49 *Ga. App.* 137 (174 S. E. 384).

2. Whether the acceptance by the insurer of the extra premium for total-disability coverage would estop it from denying liability to the insured for total disability is not for decision in this case, in the absence of any evidence that the insurer knew that the insured was totally disabled at the time it issued the policy. The policy was a valid and binding contract of life insurance, in the absence of any fraud perpetrated upon the insurer at the time of its issuance. The fact that the insurer made no examination of the insured at the time of its issuance would not impart notice to the insurer that the insured was totally disabled from heart disease at that time.

3. A verdict in favor of the insurance company was not demanded under the evidence, but, on the contrary, the verdict finding that the insured did not become so totally and permanently disabled as to prevent her from thereafter working for compensation or profit until August, 1931, was supported by some evidence, and, no error of law appearing, the trial judge did not err in overruling defendant's petition for certiorari.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*