25880. METROPOLITAN LIFE INSURANCE COMPANY *v.* STALWORTH.

630

*Smith, Smith & Bloodworth, W. H. Smith,* for plaintiff in error. *Poole & Fraser,* contra.

Felton, J. This is an action on a policy of group insurance, to recover benefits payable for total disability arising during the employment of the insured by the defendant. The policy provides, among other things: " (b) Temporary disability insurance, benefits under which are payable weekly while the employee is wholly and continuously disabled as a result of bodily injury or disease, so as to be prevented thereby from engaging in any occupation or performing any work for wage or profit. Such benefit will not be payable for the first seven days of disablement, nor for more than fifty-two weeks for any one injury or sickness, nor in any event after the employee is retired from active service. 3. Termination of employment.—On the termination of employment of the employee all his coverage under the group contract shall automatically cease, and the employee shall be entitled to the following privileges and options, if applicable. . . Suspension from service shall be deemed termination of employment, subject to reinstatement of coverage under the group contract, at the option of the employer, without penalty, in case of restoration of the employee to active service as of the date of the suspension. 5. Notice of injury or disability.—Immediate written notice of sickness or accident to the employee must be given to the insurance company, and affirmative proof of such sickness must be furnished to the insurance company within thirty days after such notice. Subsequent proof of claim shall be submitted as required by the group contract."

The plaintiff in error contends that the disability arose after the employment of the insured had ceased; that it arose because of the fact that he did not take the proper care to safeguard his health; and that no proper notice was given the insurance company of the disability, as provided in the policy. By amendment the plaintiff alleged that he became totally disabled on April 1, 1934, before the cessation of his employment on July 21, 1934,

instead of July 21, 1934, as alleged in the original petition. There was evidence that the sickness of the insured continued over a long period of time; that while he actually did some work for the company between April 1, 1934, and July 21, 1934, he was not in condition to attend properly to his duties, and on July 21, 1934, he was unable to do any work, and was totally disabled; that during this period, when he was becoming worse daily, his earnings maintained the same average that they had over a period of years, and this was true up to and including the last week he worked; and that this disability was covered by the policy, and, in so far as the amount of weekly benefits sued for was computed, that the insured would be entitled to recover the weekly sums sued for. The defendant showed that the plaintiff was suspended by the company on July 18, 1934, and that under the terms of the policy. suspension would be deemed to be a termination of employment. Though he was suspended on the date mentioned, he continued to work for the company through July 21, 1934, received his salary for that week, and paid the premium due on the policy sued upon. On July 25, 1934, the insured gave to the company notice, on one of its forms, that he had become totally disabled during his employment. Thereon appeared the question and answer: "When were you first unable to work?. July 23, 1934, at 12 o'clock noon."

Under these circumstances, we think the contentions of the defendant are without merit. In the first place, there is ample evidence that there was a total disability under the terms of the policy, and there can be no gainsaying the fact that that disability arose while the plaintiff was employed. Can it be said that the disability was not covered by the policy, since he was suspended on July 18, 1934; and that the provisions of the policy no longer had application to him, because of that suspension? It would be unconscionable to hold that the fact that the defendant, seeing the plaintiff becoming disabled, could terminate his employment on July 18, let him continue to work and draw his salary through July 21, accept a premium on the policy on July 21, and then say that his employment terminated on July 18, and that the disability, which was shown conclusively to be total on July 23, was not such a disability that was covered by the policy. In most cases, and in nearly all cases except in cases of accident, total disability is not such a matter as takes place on the spur of the

moment, but is a continuing process until it reaches a certain point, that point in a great many cases being the death of the one affected. The evidence in this case shows that the insured had influenza, and that the complications from that disease gradually became worse until it was found, on July 21, 1934, that he could no longer carry out his duties. The evidence amply justified the finding that the disability arose during the employment of the insured.

■ The second contention of the defendant is not well taken, because there was no plea that the negligence of the plaintiff contributed to the disability.

■ The policy in the instant case provides that the insured shall give immediate written notice to the company of the disability. Here the insured gave notice, on July 25, 1934, on a form furnished by the company. This was during the week following the severance of his connection with the company. We think that this meets the requirements of the policy, because to hold that his notice must be given *immediately*, and strictly construe the word *immediately*, would place on an insured a burden that would be entirely unreasonable, and a burden that in numbers of cases could never be successfully carried. Nor do we think that the fact that the insured stated in his proof that he was first unable to work on July 23, 1934, shows that the disability arose after the termination of his employment. July 23 fell on the Monday after the last Saturday that he worked. As he had worked up through the preceding Saturday, Monday would be the first day he did not work; and since the evidence clearly shows that he was disabled, it follows that Monday was the first day that he was unable to work.

Under the evidence in this case, we do not think that the plaintiff can recover the benefits claimed by him from April 1, 1934, to July 21, 1934. The petition sues for a recovery of benefits from seven days after April 1, 1934, for 52 weeks and if a recovery is had at all it must be for the time sued for. It is stipulated by counsel and shown conclusively in the testimony of the plaintiff that between these two dates he worked part of the time, and that he received as much for his work during that time as he did before there was any evidence of disability, and that there was no diminution of his compensation. *Cato* v. *Ætna Life Insurance*

*Co.,* 164 *Ga.* 392 (138 S. E. 787); *Blackman* v. *Travelers Insurance Co.,* 49 *Ga. App.* 137 (174 S. E. 384); *Prudential Insurance Co.* v. *South,* 179 *Ga.* 653 (177 S. E. 499, 98 A. L. R. 781). If the plaintiff will write off the award of the jury, for the fifteen weeks between April 1, 1934, and July 21, 1934, the sum of $360 (since the first seven days of disability are not covered under the policy), and interest in proportion, at or before the time the remittitur is made the judgment of the court below, the judgment is affirmed; otherwise it is reversed.

*Judgment affirmed, on condition. Stephens, P. J., and Sutton, J., concur.*