LAVENSTEIN *v.* TRAVELERS INSURANCE CO., ETC.

[No. 64, October Term, 1952.]

*Decided January 14, 1953.*

The cause was argued·before DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Paul R. Kach,* for appellant.

*Jesse Slingluff, Jr.,* with whom were *Frank T. Gray* and *Piper and Marbury* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

Robert Lavenstein is the holder of two policies of life and accident insurance dated January 12, 1933, each containing a provision for the payment of monthly income "upon due proof submitted during the lifetime of the insured that * * * before the anniversary of this contract nearest the sixtieth anniversary of the date of birth, the insured has become wholly disabled by bodily injuries or disease and will be continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit * * *". In the applications for the policies he gave his birthday as February 13, 1891. It is stipulated that he became wholly disabled within the meaning of the policies on January 18, 1951. However, he was clearly not eligible for the benefits on the face of the contract and stipulation. By bill in equity he sought a reformation of the contract to show that he was actually born on February 13, 1892, or a determination by the chancellor that he was in fact wholly disabled on or before January 11, 1951. The appellee answered the bill and testimony was taken. From an adverse decision on both points, based on findings of fact set forth in the chancellor's opinion, the appeal comes here from a·decree dismissing the bill.

No question seems to have been raised below as to the propriety of the relief sought, and we shall assume it for the purposes of this case. *Cf. American Casualty Co. v. Ricas*, 179 Md. 624, 634, 22 A. 2d 484, and *Metropolitan Life Insurance Co. v. Levy*, 133 N. J. Eq., 77, 30 A. 2d 571, 573. The appellee argues in his brief that there is no basis for a reformation where the mistake, if mutual at all, was entirely due to the applicant, who knew as much about his age then as he does now. But the appellee's chief reliance is upon the intrinsic weakness of the evidence.

The evidence as to age consists largely of conflicting declarations by the insured. In addition to the statements in the applications in the instant case, the insured gave his date of birth as February 13, 1891 in applications for other policies in 1923, 1926, 1928, 1929 and 1933. He also gave that date on two occasions when he was examined by doctors in 1930 and 1946, and when he took out naturalization papers in 1926. On the other hand, it was shown that in applying for a policy in 1933, in registering as a voter in 1936, in applying for an automobile license in 1937, and registering with the local draft board in 1942, he gave the year of his birth as 1892. According to Benjamin Cohen, an employee, the appellant told him in February, 1942 that he was fifty years old. The appellant was born in Baisa, Russia, and brought to this country as a child in 1904. No records were produced from Russia, nor any entries in official family records. The first statement of his age in this country was by his mother in August 1904 to the Immigration officials. She gave his age as 11, which would make his birth in 1893. It is agreed that this date is not correct; the appellant suggests that she deliberately understated his age so that he might travel half-fare.

The appellant relies chiefly upon testimony of his sister, Mrs. Goodman, who is 1½ or 2½ years older than he, that she remembers the celebration of his Bar Mitzvah in February 1905 after they came to Baltimore. She

admitted there were no records to support her recollection. She testified that in accordance with the orthodox Hebrew religion, this ceremony takes place when a boy becomes 13 years of age; but there may have been good reasons why it should have been postponed until after the family was reestablished here. The chancellor stated that her testimony as to events occurring 46 years ago was not entitled to great weight, that the insured's conflicting statements merely indicated he did not know his age, and that he had not met the burden of proof.

The appellant contends that the chancellor erred in stating the rule as to burden of proof, as expressed in *Miller v. Stuart,* 107 Md. 23, 68 A. 273, 275: "The evidence required for this purpose [reformation of a deed on the ground of mistake] must be of the strongest character and the proof must be convincing." We see no fundamental difference between this statement and the statement in *Johnson v. National Mutual Insurance Corp.,* 175 Md. 543, 546, 3 A. 2d 460, 461, also cited by the chancellor, that the proof must be "clear and satisfactory." *Cf. Hubble v. Somerville,* 187 Md. 418, 429, 50 A. 2d 565, and 5 Pomeroy, *Equity Jurisprudence,* (2d ed.) Sec. 2096. We find nothing in the case of *Prudential Insurance Co. v. Brookman,* 167 Md. 616, 619, 175 A. 838, to the contrary. In that case it was merely held that the testimony of the insured at the trial as to his age was admissible and legally sufficient to sustain the jury verdict, although he had made previous contradictory statements. In the instant case, assuming that the chancellor could have found either way, we cannot say that he was clearly wrong in discounting the sister's testimony. *Cf. Harp v. Harp,* 198 Md. 485, 84 A. 2d 895.

The appellant contends, however, that the measure of proof in the instant case is fixed by the policies, which contain a clause reading as follows: "Misstatement of Age—If the age of the Insured was incorrectly stated the amount payable hereunder shall be the insurance which the actual premium paid would have purchased

at the true age of the Insured. Age will be admitted on satisfactory proof." The appellant argues that this proceeding is not one to reform the policy at all, but simply to carry out one of its terms.

If we assume, without deciding, that the language in question is applicable in the instant case, which is not a case of forfeiture or premium adjustment (*Cf.* Section 173, Article 48A of the Code of 1951), we think the burden of proof is not shifted. The proof must still be satisfactory, that is to say, must satisfy the judicial mind. *United States v. Lee Huen,* D. C., 118 F. 442, 457. *Cf. Cicero v. State,* No. 11, October Term, 1952, 200 Md. 614, 92 A. 2d 567. The chancellor was not satisfied as to the proof of a different age, and we cannot find that he was clearly wrong.

As to the proof of total disability, there is very little conflict in the testimony. The appellant was a partner with his son in the ownership of a clothing manufacturing business at 42 S. Paca Street, Baltimore, which he founded. His health and been failing for four or five years, due to high blood pressure, hardening of the arteries and a weak heart; his mental alertness was not seriously questioned. Despite his physical ailments he supervised the cutting floor, approved bills, drew checks, came to the office every day from 10 to 4. The operation had been cut down when they gave up their sewing plant from about 150 employees to 10. The appellant had not done cutting for twenty-five years. On January 18, 1951, he had a fainting spell, fell and injured himself, and never went back to the office. He then took steps to liquidate his interest in the firm. Prior to that date he received income as senior partner. As against this evidence, virtually uncontradicted, there is offered an opinion of Dr. Zinberg that he was totally incapacitated on and before September 6, 1950. "I have a note here— September, 1950 * * * I thought he should have been completely incapacitated at that time if he had been working for someone else—they would not have held

on to him." He told the patient that he should stop work, but the patient said he had to continue.

The appellant relies chiefly upon the case of *Travelers Insurance Co. v. Berlin,* 185 Md. 404, 414, 45 A. 2d 90, 95, for a statement that total disability within the meaning of a life policy does not require a state of helplessness as a prerequisite to recovery; "* * * the disability need only be such as to render the claimant unable to perform the substantial and material acts of his own or some other business or occupation in the usual or customary way". It is sufficient to say that that case is distinguishable on the facts. In the instant case the insured was able to do everything he had done for many years, down to the time of his fall on January 18, 1951, in the usual and customary way. The statement of the doctor that he advised against it, can hardly stand in the face of the testimony that he did continue as an active partner. Again, we cannot say that the chancellor was clearly wrong in discounting the doctor's testimony, or estimating the mental abilities and alertness of the insured upon the stand.

*Decree affirmed, with costs.*