Cheshire,
No. 5417.

RUTH E. FORD

*v.*

UNITED LIFE AND ACCIDENT INSURANCE COMPANY.

Argued March 1, 1966.
Decided March 30, 1966.

*Howard B. Lane* ( by brief and orally ), for the plaintiff.

*Frederick H. Condon, John F. Swope* and *Robert H. Reno* ( *Mr. Reno* orally ), for the defendant.

BLANDIN, J. The following question was transferred: "Is the plaintiff, who is named as beneficiary in a certificate issued under a group creditor life insurance contract between the defendant ( the insurer ) and Monadnock Savings Bank ( the policyholder ), entitled to recover from the defendant even though her husband ( named as insured in the certificate ) was not a member of the class of debtors eligible for insurance under the terms of the contract?"

The parties have agreed that on or about April 1, 1958, the Monadnock Savings Bank and the defendant insurance company entered into a group insurance creditor contract. The contract defined those eligible for insurance as persons whose debts were scheduled to be fully repaid by installments on or before the date when the debtor became seventy years old. Raymond W. Ford, the plaintiff's husband, was born on September 29, 1912, and died on July 29, 1963. The plaintiff and her husband signed a promissory note dated December 27, 1958, payable to the bank in installments over a twenty-five year period, the last install-ment being due December 27, 1983. Had Raymond W. Ford been alive on that date, he would have been over seventy years of age.

The premium rate charged to the plaintiff for the life insurance would be the same whether Raymond was forty-five or forty-six years old at the time the note and mortgage were executed. The application for the mortgage which stated that Raymond was forty-five years of age was signed only by the plaintiff. Raymond W. Ford made no written application to the defendant for the insurance. The only application made by Ruth was to the bank for insurance in case of the death of her husband.

It was also agreed that she would testify that at the time of his death she was dependent upon her husband for her support; that she did not receive notice, either at the time she signed an application for a mortgage or when she signed the note and mortgage in question, that the group insurance policy provided no insurance for a debtor whose indebtedness under his mortgage was not scheduled to be repaid by or before he attained the age of seventy years; and that no notice of this provision of the group insurance policy was given to her husband in her presence.

It was further agreed that the president of the bank would testify that if the bank had known that Raymond was forty-six years of age at the time of the execution of the note and mortgage, it would have written the note and mortgage so that the mortgage indebtedness would have been repaid in full in twenty-four years, instead of a mortgage which was to be repaid in twenty-five years; that the monthly payment on a mortgage of $18,000 to be repaid in twenty-four years would be $107.45 per month, plus $6 per month insurance premium; and that the monthly payment on a mortgage for $18,000 to be repaid in twenty-five years was $105.23 per month, plus $6 per month insurance premium.

The defendant agrees that Mrs. Ford and the bank president would testify as indicated above, but objects to their testimony as irrelevant and immaterial and does not agree that it may properly be considered by the Court.

The defendant argues that this case should be governed largely by *Fisher* v. *U. S. Life Insurance,* 249 F. 2d 879, 883 ( 4th Cir. 1957 ) which was followed in the principle enunciated in *Fisher* v. *Prudential Insurance Co.,* 107 N. H. 101. Since the deceased was not a member of the class eligible for insurance under the terms of the contract, the defendant claims that he was not insured and that the incontestable clause relied upon by the plaintiff is inapplicable. *Fisher* v. *U. S. Life Insurance, supra; Matter of Met. Life Insurance Co.* v. *Conway,* 252 N. Y. 449, 452; 1

Appleman, Insurance Law and Practice *s.* 331, *p.* 588.

The misstatement of age clause in the contract, as required by RSA 408:16( 5 ) is obviously designed to provide an equitable means of adjusting the premiums, or the amount of insurance, or both, in a group policy where the factors may vary with the age of an insured. The policy before us is not such an instrument. Here the premium paid is the same for any age and the amount of the insurance is determined by the outstanding indebtedness, subject to a maximum limit of $10,000 as specified by RSA 408:15( 2 ) ( d ). Consequently, the misstatement of age clause has no relevance to the present case and was inserted only because it is required by RSA 408:16( 5 ). The defendant is correct in its contention that the plaintiff cannot rely upon this clause.

However, further considerations than the above are involved here. The plaintiff, who is the sole owner of the mortgaged property, made no intentional misrepresentation and, so far as the record discloses, had not the slightest reason to make any. It was the sort of error frequently committed in a family where birthdays and ages are not always remembered accurately.

Indisputably, the intent of all the parties was to negotiate a valid contract whereby for a certain premium the life of the deceased husband would be insured to cover the joint and several indebtedness of himself and his wife to the bank up to the maximum of $10,000. RSA 408:15( 2 )( d ). All parties acted in good faith and apparently believed that a binding agreement implementing their objectives had been consummated. Due initially to a degree to a misstatement of the husband's age in the application, which is a part of the contract, the intent of the parties was frustrated.

It is findable on the agreed facts that a further reason why a valid agreement was not finally made was because of the failure of the defendant to observe the mandate of the policy inserted pursuant to RSA 408:16( 3 ), which provides: "All statements made by the policyholder or by any insured debtor will be deemed to be representations and not warranties. No statement by the policyholder will void this policy unless it is contained in the written application and unless a copy of such application is attached to this policy when issued. No statement by any insured debtor shall be used in defense of a claim under this policy after the insurance of such debtor has been [in] force prior to the contest for a period of two years during his lifetime nor unless it is contained in the written application signed by him and unless a

copy of such application is or has been furnished to him or to his beneficiary."

One obvious purpose of this provision is to avoid just such unfortunate situations as have arisen here. *Perkins* v. *Insurance Company,* 100 N. H. 383, 385. Had the facts concerning the deceased's age been brought to the attention of the proper parties, it is agreed that, as the president of the bank would have testified, the mortgage indebtedness would have been made payable in twenty-four years rather than in twenty-five, and a valid contract according to the true intent of the parties would have then resulted.

Other factors bearing on this case are that the misstatement of age did not affect the amount of the premium to be paid to the defendant nor certain essential material elements of the contract. The property involved, the amount of the mortgage and of the insurance and the names of the parties were all as intended. The one feature affected was the length of time allotted for the payment of the mortgage to the bank. As previously stated, it appears that this could have and would have been easily corrected.

Neither the defendant nor the bank nor any third person has been prejudiced in any manner. There has been no change in the position of the defendant or the bank. There can be no defense of laches raised against the plaintiff, since she acted promptly upon discovery of the mistake. As the matter now stands, she is the sole sufferer. If it may be said that she was negligent in stating that her husband was forty-five years of age rather than forty-six, as he actually was, this is not decisive against her rights to such relief. *Hould* v. *Company,* 83 N. H. 474; *Burlington Savings* v. *Rafoul,* 124 Vt. 427. This is especially true in the circumstances here where the failure of the defendant to furnish the plaintiff or her husband a copy of the application as required by RSA 408:16( 3 ) could be found to have substantially contributed to the mistake, or at least to have perpetuated it. Furthermore, there is no evidence that the bank kept any record showing the date of birth of the deceased as required by the contract itself. This record would have been open to inspection by the defendant, as well as to the plaintiff and her husband, and would have disclosed the error.

For some four and one-half years from the time this instrument

was executed and until the death of the plaintiff's husband, all parties assumed that a binding agreement existed and all appeared to have carried on in accordance with that assumption. It is axiomatic that reformation of an insurance policy in proper circumstances is permissible to express the true intent of the parties. *Hould* v. *Company, supra;* 13 Appleman, Insurance Law and Practice, *ss.* 7607, 7608; 44 C.J.S., Insurance, *s.* 278. This principle includes reformation as to an erroneous statement of age. *Lavenstein* v. *Travelers Ins. Co.,* 201 Md. 361; *Metropolitan Life Ins. Co.* v. *Levy,* 133 N. J. Eq. 77; *Metropolitan Life Ins. Co.* v. *Kanter,* 126 N. J. Eq. 1, *aff'd* 127 N. J. Eq. 18; 13 Appleman, Insurance Law and Practice, *ss.* 7607, 7608; 44 C.J.S., Insurance, *s.* 279 1( c ).

This is not a case where, due to bad health ( *Perkins* v. *Insurance Co.,* 100 N. H. 383 ) or non-employment by a contracting employer ( *Fisher* v. *Prudential Insurance Company,* 107 N. H. 101 ), a person is intrinsically ineligible for insurance. In such cases, no acts of the parties can endow a claimant with good health at a time when he did not possess good health, or can establish that a person was employed during a certain period by a certain employer when he was not so employed. It cannot be said in these situations that the parties ever mutually intended to insure a sick man or an unemployed person.

On the other hand, in the case before us, the true intent of the parties was to so arrange the installment payments of the mortgage that it would be fully paid before the deceased reached seventy, and they believed that they had done so. This mistake was mutual and, under familiar principles, the agreement may be reformed. *Hould* v. *Insurance Company,* 83 N. H. 474; *Lavenstein* v. *Travelers Ins. Co.,* 201 Md. 361; *Broidy* v. *State Mutual Life Assur. Co.,* 186 F. 2d 490 ( 2d Cir. 1951 ).

Viewing the entire situation on the agreed facts, the equities clearly favor the plaintiff, and we believe that she is entitled to relief. If in not seeking reformation she has mistaken her remedy, this can be cured by amendment. *Dondero* v. *Ferranti,* 90 N. H. 554. The bank should be joined as a party, and the monthly installments to it adjusted on the basis of a twenty-four-year period. When this is done, and upon payment by the plaintiff to the bank of the balance due on this basis up to the time of her husband's death, the contract will express the true intent of

the parties and the defendant will become liable for the benefits as stipulated in the policy.

The order is

*Dismissed nisi.*

LAMPRON, J., did not sit; the others concurred.